The four defendants were charged with larceny from the person of Elwin P. Joyce.
The evidence offered by the State tended to show that the prosecuting witness Joyce, a corporal in the U.S. Marine Corps, and another marine, were in a booth in a place near Charlotte known as "Ellie's Place," drinking beer, when defendants Skipper and Steele joined them. Skipper offered a bottle of whiskey from which they drank. Soon the party was augmented by defendants Ruderman and McMahan who seemed well acquainted with the other defendants. Neither Joyce nor his companion had ever seen any of the defendants before. Before long Joyce and the four defendants left in an automobile belonging to Skipper and driven by Steele to get some more whiskey. At this time Joyce had $180 in money in his pocket. After riding around the city, they drove out on a dirt road. Then they stopped and got some whiskey, and shortly thereafter Joyce said he blacked out, due to the fact that the whiskey that Skipper gave me, it might have been doped, it could have." That was about 4 p.m. When Joyce woke up about 7 p.m. he was in some woods off the road. His erstwhile companions were gone, and so were his watch and money. He walked to a telephone and called the police.
The defendant Ruderman testified that at some drinking place Joyce who was very drunk became engaged in a quarrel with Steele in the course of which Steele knocked Joyce down and took his wallet and gave some money therefrom to the man in the house; that at this time Skipper was drunk and asleep in the car; that when they drove off again as Joyce continued trying to fight, McMahan and Steele put him out of the car off the road. The four defendants then drove to Monroe and returned to Ellie's place about 9:30 p.m., where they were shortly thereafter arrested. Ruderman testified, "Steele and Skipper repaired a car at Monroe." *Page 388 
When arrested officers found neither watch nor money on any of the defendants, save $2 in the possession of Ruderman which Steele said "the man had paid Skipper for working on his car." Joyce testified they were not in any fight; that he did not buy any whiskey, and did not leave the car after he got in it, "until I was robbed or thrown out"; that Skipper was on the back seat and did not get out while witness was conscious; that Skipper appeared to be or pretended to be asleep. Joyce's companion, who did not go on the ride, testified that when Skipper got in the car he seemed to walk all right.
Skipper did not testify nor did McMahan.
The jury rendered verdict of guilty as charged as to each defendant, and from judgment imposing sentence the defendant Skipper appealed.
The only exception brought forward in the defendant's appeal is the denial by the trial court of his motion for judgment of nonsuit. We have hereinbefore set out a summary of the pertinent evidence, and considering this in the light most favorable to the State (S. v. Massengill, 228 N.C. 612, 41 S.E.2d 713), we are of opinion that there was sufficient evidence, pointing to the guilt of the appealing defendant as having participated in the commission of the crime charged in the bill of indictment, to warrant submission of the case to the jury. This view is supported by what was said in the recent cases of S. v. Frye, 229 N.C. 581,50 S.E.2d 895; S. v. Braxton, ante, 312; and S. v. Flynn, ante, 293. The motion for judgment of nonsuit was properly denied.
In the trial we find
No error.