STATE OF NORTH CAROLINA v. GARY MINSHEW

No. 778SC39

(Filed 6 July 1977)

1. Criminal Law § 91.1— withdrawal of State's consolidation motion — motion to continue — denial proper

Where the State withdrew its motion to consolidate for trial defendant's case with that of another person, and defense counsel alleged that he learned of such withdrawal on the day of the trial, the trial court did not err in denying defendant's motion for a continuance in the absence of any showing that the withdrawal of the motion to consolidate in any way prejudiced defendant's case and denied him his right to effective counsel.

2. Criminal Law §§ 145; 157.1— record on appeal — unnecessary material — costs taxed against counsel

Counsel is taxed with the cost of printing unnecessary material in the record on appeal. App. Rule 9(b)(5).

APPEAL by defendant from Tillery, Judge. Judgments entered 17 August 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 1 June 1977.

Defendant pled not guilty to two counts of sale and delivery of marijuana, two counts of possession of marijuana with intent to sell, and one count of conspiracy to possess, sell, and deliver marijuana.

On 28 June 1976, the district attorney moved that defendant and Steve Wilkins be tried jointly. When defendant's case was called for trial on 16 August 1976, defense counsel moved for a continuance on the ground that he had just learned that morning that defendant and Wilkins would not be tried jointly. Motion was denied.

Briefly, the evidence for the State tended to show that on two occasions on 2 and 3 June 1976, an undercover agent gave money to Steve Wilkins for the purpose of purchasing marijuana. On each occasion, Wilkins left after receiving the money, and defendant appeared shortly thereafter with the marijuana.

Defendant told the agent that this arrangement was used as a safety device to confuse the other party to the transaction and that in return for helping Wilkins sell the marijuana he was getting his free.

The evidence for the defendant tended to show that on 2 June 1976, after Wilkins left the agent's car, defendant got in because he thought the agent was someone he knew. He then found two bags of what appeared to be marijuana between the front seat and the door. On 3 June the agent stopped him, and he again got in the car and saw what appeared to be marijuana. He and the agent then smoked some of the material.

The jury found defendant guilty as charged. Defendant appeals from judgments imposing imprisonment.

*Attorney General Edmisten by Associate Attorney Elisha H. Bunting, Jr. for the State.*

*C. Branson Vickory for defendant appellant.*

CLARK, Judge.

[1] Defendant first assigns error to the denial of his motion for continuance. Defendant contends that the denial deprived him of his right under the Sixth Amendment to the Federal Constitution and Article I, Sections 19 and 23 of the State Constitution to effective counsel for the following reasons: (1) the best interests of the defendant would have been served by one line of defense in a joint trial and a completely different line of defense in a separate trial; and (2) there could have been witnesses available who would have testified at a trial of defendant alone, but not at a trial of both defendant and Wilkins, in particular Wilkins himself.

Ordinarily the grant or denial of a motion for continuance is within the discretion of the trial court. However, when such a motion involves a right guaranteed by the Federal and State Constitutions, the question is one of law and not of discretion, and the ruling of the trial court on such a motion is reviewable. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). Implicit in the constitutional right at issue herein is that an accused and his counsel shall have a reasonable time to investigate, prepare, and present the defense. Whether there has been a denial of due process depends upon the circumstances of each case. *State v. Vick*, 287 N.C. 37, 213 S.E. 2d 335 (1975).

The circumstances in the present case reveal no denial of defendant's right to effective counsel. Nowhere has defendant shown how the "line of defense" offered at the trial which occurred differed from that which would have been offered at a joint trial. It is a *non sequitur* to say that defendant was prejudiced by a solitary trial since Wilkins had a defense of entrapment at a joint trial which was not available to defendant. Defendant has failed to explain how the defenses available to Wilkins affected in any way the "line of defense" available to defendant.

Defendant has similarly failed to show that the denial affected the use of witnesses in his defense. The record reveals that the following was all that occurred relative to the motion:

"At the commencement of the trial of GARY LEE MINSHEW the following motion was made out of the hearing of the jury:

MR. VICKORY: I make a motion for continuance on the grounds that the state has made a motion to try the defendant, MINSHEW with STEVE WILKINS, his codefendant. I learned this morning, the 16th day of August, 1976 that the State was not going to try WILKINS with MINSHEW and I need more time to prepare the case for MINSHEW to be tried by himself.

COURT: Denied."

Where the absence of witnesses is the basis for a motion to continue, and where neither the names of the witnesses nor the substance of their testimony has been divulged, there is no error in the denial of the motion. *State v. Smathers,* 287 N.C. 226, 214 S.E. 2d 112 (1975); *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972).

Since the State made a motion to consolidate the trials of defendant and Wilkins, defendant may have expected a joint trial. However, any number of circumstances could have operated to defeat such expectation, e.g., the death of the codefendant, a guilty plea by the codefendant, or denial of the motion due to oppositon from the codefendant. It is the duty of the defendant to be prepared for trial. We must conclude, in the absence of any showing that the withdrawal of the motion to consolidate in any way prejudiced defendant's case and denied him his right to effective counsel, that there was no error in the

denial of the motion to continue. We find no merit to this assignment of error.

Defendant's remaining assignments of error are considered abandoned under Rule of Appellate Procedure 28(b)(3). Contrary to the statement in defendant's brief, assignments of error do not "speak for themselves." The standards set forth in Rule 28(b)(3) must be followed if the purported error is to be considered.

[2] We note that the entire charge of the trial judge was included in the record on appeal, even though no error was assigned to the charge. This is in violation of Rule of Appellate Procedure 9(b)(3)(vi). We also note that the list of assignments of error at the conclusion of the record includes those portions of the record to which the assignments are directed. This is not necessary under Rule 10(c). Counsel will be taxed with the unnecessary printing costs. Rule 9(b)(5).

No error.

Judges MORRIS and PARKER concur.