State v. Simmons

STATE OF NORTH CAROLINA v. LEVI SIMMONS, JOE LOUIS SIMMONS AND TIMOTHY BOLDEN

No. 774SC177

(Filed 20 July 1977)

Criminal Law §§ 66.15, 66.16— in-court identification of defendant — independent origin

Evidence was sufficient to support the trial court's conclusion that witnesses' in-court identifications of defendant Simmons were based upon their observation of him at the scene of the crime and later walking beside the street with the other two defendants where the evidence tended to show that the crime took place in an area well lighted with street lights; the witnesses gave officers a description of their assailants and later that evening were shown photographs including one of defendant Simmons; one witness identified defendant's photograph as that of one of the robbers but the other witness was unable to identify defendant's photograph; the witness who identified defendant's photograph was unable to identify defendant in a "show-up"; and later that evening the witnesses saw the three defendants walking beside the street and recognized them as the robbers.

APPEAL by defendants from Rouse, Judge. Judgment entered 20 August 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 28 June 1977.

Defendant Levi Simmons was charged in a proper bill of indictment with the armed robbery of Brett Wasson, and defendants Joe Louis Simmons and Timothy Bolden were charged

in proper bills of indictment with the common law robbery of David Nola.

At trial the State offered evidence tending to show the following:

Just before midnight on 17 June 1976, Brett Wasson and David Nola, marines stationed at Camp LeJeune, were walking down Kerr Street in Jacksonville, North Carolina, when they were accosted by four black males. Defendant Levi Simmons held a gun to Wasson's throat, took Wasson's money, and ran away. Defendant Bolden asked Nola for some money for food. Nola said, "Yes, sir," and took out his wallet. When he did so defendant Bolden grabbed the wallet and ran. Defendant Joe Louis Simmons pushed Nola on the ground face down, told him to keep his face down, and then ran away.

Defendants offered evidence tending to show that they were all at Shaw's Cafe on Kerr Street dancing and playing pinball from 9:30 p.m. until 1:30 a.m. on the night of the robbery.

Defendant, Levi Simmons, was convicted as charged, and defendants, Joe Louis Simmons and Timothy Bolden, were convicted of felonious larceny from the person. From judgments of the court imprisoning each defendant for a term of five to seven years, defendants appealed.

*Attorney General Edmisten by Assistant Attorney General Elizabeth C. Bunting for the State.*

*Joseph C. Olschner for defendant appellant Levi Simmons.*

*Grady Mercer, Jr., for defendant appellant Joe Louis Simmons.*

*Billy G. Sandlin for defendant appellant Timothy Bolden.*

HEDRICK. Judge.

Counsel for defendant Timothy Bolden concedes in his brief that he can find no error, but requests this court to review the record. Since no assignments of error are brought forward and argued in defendant's brief, no question is presented for review. *State v. McMorris,* 290 N.C. 286, 225 S.E. 2d 553 (1976). The defendant Timothy Bolden had a fair trial free from prejudicial error.

Defendants, Levi Simmons and Joe Louis Simmons, contend the court erred in denying their motions for judgment as of nonsuit. When all the evidence is considered in the light most favorable to the State, it is obviously sufficient to require submission of the cases to the jury, and to support the verdicts.

Defendant, Joe Louis Simmons, contends the court erred in denying his motion to suppress Nola's and Wasson's in-court identification of him as one of the robbers. Defendant argues that the in-court identification was tainted by impermissibly suggestive pre-trial identification procedures. The trial court held a *voir dire* to determine the admissibility of the witnesses' in-court identifications. At *voir dire* the State offered evidence tending to show the following:

On 17 June 1976 Nola and Wasson were the victims of a robbery by four black males on Kerr Street in Jacksonville. The area was well lighted with street lights. The victims gave police officers a description of their assailants, and later that evening were taken to the police station and shown defendant Joe Simmons' photograph along with several other photographs. Wasson identified defendant's photograph as that of one of the alleged robbers. Nola was unable to identify defendant's photograph. Wasson observed defendant in a "show up" but was unable at that time to identify him as one of the robbers. Defendant who had not been placed under arrest was released. Later in the evening Nola and Wasson were being driven back to the Camp LeJeune in a military van when they saw all three defendants walking beside the street. Upon seeing the three defendants together both Wasson and Nola recognized the defendants as the robbers. The police subsequently arrested the defendants. Both victims identified defendant in court as one of the robbers.

After *voir dire* the court found the facts to be substantially as set out above and concluded that the witnesses' in-court identification of Joe Louis Simmons "was based on their observations of the defendant at the time of the robbery, his clothing . . . and subsequent observation of the defendant just shortly before he was arrested."

The findings and conclusions made by the trial court upon *voir dire* are conclusive on appeal if supported by competent evidence. *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974).

In the present case the court's conclusion that the witnesses' in-court identifications of defendant were based upon their observation of him at the scene of the crime and later walking beside the street with the other two defendants is sufficient to allow the identifications into evidence. *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974). This conclusion is supported by the findings of fact which are based upon competent evidence in the record. The assignment of error upon which this contention is based is not sustained.

Finally defendant, Joe Louis Simmons, contends the trial court erred in its instructions to the jury by charging the jury as to elements of larceny from the person with respect to defendant, Timothy Bolden, but not repeating the same as to defendant, Joe Louis Simmons.

The State prosecuted defendant, Joe Louis Simmons, upon the theory that he aided and abetted the principal defendant Bolden, in committing larceny from the person. The court adequately and properly instructed the jury as to what it must find to convict Bolden as the principal. It then instructed the jury in order to find defendant, Joe Louis Simmons, guilty of larceny from the person it must find that Bolden is guilty of larceny from a person, and that Simmons aided and abetted him in the commission of that crime. The court then adequately and properly instructed the jury on the law of aiding and abetting.

We find no error in the court's instructions to the jury with respect to defendant, Joe Louis Simmons.

We hold that each defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN concur.