STATE OF NORTH CAROLINA v. HOWARD WASHINGTON

No. 8010SC747

(Filed 7 April 1981)

1. **Attorneys at Law § 7.2– indigent defendant – judgment for counsel fees – absence of notice and hearing**

   The trial court erred in entering a judgment against the indigent defendant for attorney fees and costs without giving defendant notice and an opportunity to be heard. G.S. 7A-455.

2. **Criminal Law §§ 145, 157.1– record on appeal – unnecessary material – costs taxed against counsel**

   Counsel is taxed with the cost of printing 18 pages in the record on appeal which have no bearing on the issues raised by the appeal. Appellate Rule 9(b)(5).

APPEAL by defendant from *Brannon, Judge.* Judgment entered 25 March 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 6 January 1981.

Defendant was indicted for larceny from the person and misdemeanor assault. State presented evidence that on 25 July 1979 Junior Tucker, Jesse Holloman and Arthur Matthews were walking near the Civic Center in Raleigh, when two black males, one of whom was the defendant, "hollered" to them across the street to ask if they had any "reefer." The men crossed the street and approached them. Tucker, who was carrying a radio belonging to Matthews, was confronted by defendant who stated, "That's a nice radio" and then snatched it from Tucker's hand. Defendant looked at the radio and set it down beside him on the ground.

Jesse Holloman testified that, after defendant took the radio from Tucker, he said, "If you want the radio you got to fight for it." Defendant walked up to Holloman, saying that he looked like the toughest one, and pushed him in the chest.

Holloman testified that prior to this he had not struck defendant nor said anything to the defendant. After pushing Holloman, defendant picked up the radio and left with his companion. The three boys immediately contacted the police.

Defendant did not present any evidence.

Defendant's motion for nonsuit was denied. The jury returned a verdict of guilty as charged on both counts and defendant was sentenced to a prison term of four years minimum, six years maximum. He appeals.

*Attorney General Edmisten, by Associate Attorney Jane P. Gray, for the State.*

*Howard & Morelock, by Robert E. Howard, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends the court erred in entering a civil judgment against him granting attorney's fees to the State of North Carolina. We agree. G.S. 7A-455 provides that the court may enter a civil judgment against a convicted indigent for attorney's fees and costs. Our courts have upheld the validity of such a judgment provided that the defendant is given notice of the hearing held in reference thereto and an opportunity to be heard. *State v. Crews,* 284 N.C. 427, 201 S.E. 2d 840 (1974); *State v. Stafford,* 45 N.C. App. 297, 262 S.E. 2d 695 (1980). Since the record before us contains nothing to indicate that a hearing was held in compliance with the above decisions, we vacate this civil judgment and remand for a hearing on proper notice to the defendant. By our decision we do not reach defendant's argument as to the constitutionality of G.S. 7A-455.

Although we note that defendant now concedes on appeal that he can find no error in the court's denial of his motion for nonsuit, we have carefully reviewed the record and also find no prejudicial error.

[2] The record on appeal contains no less than 18 pages dealing with matters, among which are the court's charge to the jury and defendant's motion for appropriate relief, to which no assignment of error was made and which have no bearing on the issues raised by this appeal. This is in violation of North Carolina Rule of Appellate Procedure 9(b)(5). Counsel will be

taxed with the unnecessary printing costs in this case in accordance with Rule 9(b)(5). *State v. Montgomery*, 291 N.C. 91, 229 S.E. 2d 572 (1976); *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976); *State v. Minshew*, 33 N.C. App. 593, 235 S.E. 2d 866 (1977).

In the criminal conviction we find no error.

The civil judgment is vacated and remanded.

Judges WELLS and HILL concur.