STATE OF NORTH CAROLINA v. MICHAEL ANTHONY BARNES

No. COA95-739

(Filed 6 February 1996)

**Larceny § 147 (NCI4th)— larceny from the person—insufficiency of evidence—sufficiency of evidence of misdemeanor larceny**

The evidence was insufficient to support a conviction of larceny from the person where the evidence tended to show that defendant entered an unattended kiosk in a mall, concealed a bank bag containing approximately $50 under his shirt, and left the kiosk before the sales person who manned the kiosk realized that the bank bag was missing; however, the evidence and the jury's verdict did show, and defendant conceded, that defendant committed the offense of misdemeanor larceny, and the case is remanded for entry of judgment upon that conviction.

**Am Jur 2d, Larceny §§ 4, 54, 55, 144.**

**What constitutes larceny "from a person". 74 ALR3d 271.**

Appeal by defendant from judgment entered 13 January 1995 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 2 January 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*Robert H. Edmunds, Jr., for defendant-appellant.*

WYNN, Judge.

The State's charge of common law robbery against defendant resulted in a finding of guilt on the lesser offense of larceny from the person. He was sentenced upon his plea of guilty to being a habitual felon.

The State's evidence shows that on 11 July 1994, James Morana worked alone at the House of Eyes, a kiosk located in Cotton Mill Square Mall in Greensboro. At approximately 8:40 p.m., he left the kiosk unattended as he talked to a saleswoman in a neighboring shop approximately 25 to 30 feet away. Upon being told by another sales-

person that someone was in his kiosk, Mr. Morana returned to find defendant rising from behind the counter near the cash register. Mr. Morana stepped past defendant, looked under the counter, and saw that a bank bag containing approximately $50 in cash was missing. About that time, defendant left the kiosk. Mr. Morana chased defendant, cornered him against a wall, and asked defendant to return the bag. As defendant pushed his way past him, Mr. Morana saw a bulge in defendant's shirt. Mr. Morana grabbed defendant's shirt, exposing the bank bag. Defendant fled. He subsequently turned himself in to the police.

Defendant did not present any evidence. Following his conviction of the crime of larceny from the person, he appealed to this Court.

On appeal, defendant contends that the charge of larceny from the person was not proven because the evidence fails to establish that the bank bag was taken from Mr. Morana's person. We agree.

Our Courts have routinely upheld convictions of larceny from the person when the stolen property was, or had been, attached to the victim's person at the time of, or immediately prior to, the taking, such as when a purse, wallet, money or other item was dislodged and taken from the victim's hand, arm, or pocket. *See, e.g., State v. Young*, 305 N.C. 391, 289 S.E.2d 374 (1982); *State v. Washington*, 51 N.C. App. 458, 276 S.E.2d 470 (1981); *State v. Simmons*, 33 N.C. App. 705, 236 S.E.2d 188, *cert. denied*, 293 N.C. 592, 238 S.E.2d 151 (1977); *State v. Massey*, 273 N.C. 721, 161 S.E.2d 103 (1968); *State v. Skipper*, 230 N.C. 387, 53 S.E.2d 169 (1949). If, however, the victim merely stood near the property at the time of the taking, then the criminal commits misdemeanor or felonious larceny, depending upon the value of the goods stolen. For example, in *State v. Lee*, 88 N.C. App. 478, 363 S.E.2d 656 (1988), the victim stood four to five steps away from her grocery cart when the defendant stole the victim's purse from her cart. Finding that "the deficiency in the State's evidence is so clear," this Court *ex mero motu* vacated the defendant's conviction for larceny from the person and remanded the case for the entry of judgment upon a conviction of misdemeanor larceny. *Id.* at 479-80, 363 S.E.2d at 657.

In 1991, our Supreme Court broadened the definition of "from the person" when it upheld a conviction of larceny from the person based on evidence that the defendant stole from a cash register as the cashier opened the register to make change, even though the cash

had not been attached to, or dislodged from, the cashier's person. *State v. Buckom*, 328 N.C. 313, 401 S.E.2d 362 (1991). Noting that the term "from the person" had never been defined in the General Statutes, the Court looked to the common law definition of the crime of larceny from the person and held that it is not necessary that the stolen property be attached to the victim's person in order for the theft to constitute larceny from the person as long as the property was within the victim's protection and presence at the time of the taking.

Relying upon *Buckom*, the State argues that although Mr. Morana was away from the store, "he was still in a position to watch that store, therefore the larceny was from the person." It also argues defendant was in the presence of Mr. Morana before he left the store with the bag. We disagree.

As the Supreme Court observed in *Buckom*, the crime of larceny from the person developed as a middle ground between the forcible taking of property necessary to constitute robbery and the secret or private stealing commonly associated with simple larceny. The Court gave as an example of a taking from a person's presence and protection sufficient to constitute larceny from the person the situation in which a thief steals jewelry placed on the counter by the jeweler for inspection by the thief "under the jeweler's eye." *Id.* at 318, 401 S.E.2d at 365.

The situation in the present case is not analogous. The taking of the bank bag in this case is more akin to the secret or private stealing commonly associated with simple larceny. The kiosk was unattended at the time defendant entered. By the time Mr. Morana returned to the kiosk, defendant had hidden the bank bag under his shirt, and defendant left the kiosk before Mr. Morana realized that the bank bag was missing. By that point the crime of larceny had been completed. *See State v. Carswell*, 296 N.C. 101, 249 S.E.2d 427 (1978) (slightest taking and movement of property with the intent to permanently deprive the owner of the property is sufficient to constitute the crime of larceny). Because the crime had been completed while Mr. Morana was absent and while the bag was left unprotected, we conclude that the larceny of the bank bag was not from Mr. Morana's person.

For the foregoing reasons, we hold that the trial court erred by denying defendant's motion to dismiss the charge of larceny from the person. Nevertheless, the elements of the felony of larceny from the person are the same as misdemeanor larceny except that the felony

IN RE WILL OF CHURCH

[121 N.C. App. 506 (1996)]

requires that the property be taken from the person, presence or protection of the victim. *See State v. Buckom*, 328 N.C. 313, 401 S.E.2d 362. Having determined, as a matter of law that the aforementioned element was unsupported by the evidence, it follows that the jury found all the elements of misdemeanor larceny to exist from the evidence beyond a reasonable doubt. Because the evidence and the jury's verdict does show, and defendant concedes, that defendant committed the offense of misdemeanor larceny, we vacate the felony judgment and remand the matter for entry of judgment upon a conviction of misdemeanor larceny. There being no felony conviction to which the habitual felon indictment attaches, that indictment is dismissed and the conviction vacated.

Vacated and remanded.

Judges Eagles and Smith concur.