ZACHARY, Judge.
Defendant, Aaron Lamont Little, appeals from judgments entered against him for larceny from the person, common-law robbery, and attaining the status of a habitual felon. Defendant argues that the trial court erred by failing to instruct the jury on the lesser-included offense of misdemeanor larceny. After review, we find no error.
I. Background
Around midnight on 29 November 2016, Devaun Saunders was working as a store clerk at a Circle K convenience store in Charlotte, North Carolina. Saunders was working behind the register when Defendant entered the store and asked him how much cigarettes cost. Saunders retrieved a carton of cigarettes, told Defendant the price, and placed the carton down in front of him. Defendant then told Saunders that "he didn't want to hurt [him] or anything like that; and he just wanted the money in the drawer." Saunders testified that only one of Defendant's hands was visible and that the other hand was in his pocket. Saunders testified that "[i]t could have been anything, gun [or] knife" in Defendant's pocket. When Saunders told Defendant that he did not know how to open the register, Defendant walked around the register and began grabbing cartons of cigarettes stored about ten feet away from Saunders. Defendant took several cartons from behind the counter, as well as the carton that Saunders had set down in front of the register, and walked out of the store with the cartons. Saunders followed Defendant outside, took pictures of his vehicle, and called the police.
On 12 December 2016, the Mecklenburg County Grand Jury indicted Defendant for robbery with a dangerous weapon in violation of N.C. Gen. Stat. § 14-87 for the incident that occurred at the Circle K on 29 November 2016. The grand jury then indicted Defendant on 30 January 2017 for common-law robbery arising from a different incident that occurred on 26 November 2016. On 15 May 2017, the grand jury separately indicted Defendant for attaining habitual felon status.
Defendant's trial began on 6 February 2018 before the Honorable Jesse B. Caldwell, III. At the charge conference, Defendant requested that verdict forms for common-law robbery and misdemeanor larceny[1] be submitted to the jury. The trial court denied Defendant's request, and provided verdict forms that allowed the jury to find Defendant guilty either of common-law robbery or larceny from the person, or find him not guilty. Defendant also requested a jury instruction on misdemeanor larceny, which the trial court denied. Ultimately, the jury found Defendant guilty of common-law robbery for the 26 November 2016 incident and larceny from the person for the 29 November 2016 incident. Defendant subsequently pleaded guilty to attaining the status of a habitual felon. On 9 February 2018, Judge Caldwell entered judgment against Defendant for common-law robbery, larceny from the person, and attaining the status of a habitual felon, and sentenced Defendant to 117-153 months' imprisonment. Defendant timely appealed.
II. Discussion
Defendant argues on appeal that the trial court erred by failing to instruct the jury on the lesser-included offense of misdemeanor larceny for the incident occurring on 29 November 2016. We find no error in Defendant's conviction.
Alleged error regarding jury instructions is reviewed de novo . State v. Osorio , 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). Where "there is evidence from which the jury could find the defendant guilty of a lesser included offense, the defendant is entitled to proper instructions on that lesser offense." State v. Wallace , 309 N.C. 141, 145, 305 S.E.2d 548, 551 (1983). When making this consideration, "courts must consider the evidence in the light most favorable to the defendant." State v. Debiase , 211 N.C. App. 497, 504, 711 S.E.2d 436, 441 (brackets omitted), disc. review denied , 365 N.C. 335, 717 S.E.2d 399 (2011). "If the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate those elements other than [the] defendant's denial that he committed the offense, [the] defendant is not entitled to an instruction on the lesser offense." State v. Smith , 351 N.C. 251, 267-68, 524 S.E.2d 28, 40, cert. denied , 531 U.S. 862, 148 L.Ed. 2d 100 (2000).
"The essential elements of larceny are that the defendant: (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of his property permanently." State v. Perry , 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982), overruled on other grounds by State v. Mumford , 364 N.C. 394, 699 S.E.2d 911 (2010). Larceny "from the person" is a Class H felony. N.C. Gen. Stat. § 14-72(b)(1) (2016). As our Supreme Court has explained, "property is stolen from the person, if it was under the protection of the person at the time. Property may be under the protection of the person although not actually attached to him[;] for that which is taken in his presence, is in law taken from his person." State v. Buckom , 328 N.C. 313, 317-18, 401 S.E.2d 362, 365 (1991) (brackets, quotation marks, and ellipsis omitted).
In State v. Hull , this Court held that the theft of an item three feet away from the victim was sufficient to qualify as larceny from the person. 236 N.C. App. 415, 421, 762 S.E.2d 915, 919 (2014). In Hull , the victim was at a friend's apartment playing a computer game when three armed individuals entered and stole items of property. Id. at 416, 762 S.E.2d at 917. The victim saw the defendant in possession of her laptop, which had previously been located on a table nearby. Id. at 416-17, 762 S.E.2d at 917. This Court held that the laptop, while located three feet away from the victim, was "within her protection and presence at the time it was taken." Id. at 419, 762 S.E.2d at 918.
In the instant case, Defendant took the cigarette carton that Saunders had placed on the counter in front of him. This carton was within arm's reach of Saunders, easily within his protection and presence. The other cartons stolen by Defendant were behind the store counter, in an area where only Saunders was authorized to enter. Those cartons were also under the control and protection of Saunders and within his immediate presence, about ten feet away. We hold that the State presented sufficient evidence that the larceny in this case occurred from the person, and thus the trial court did not err in refusing to instruct the jury on the lesser-included offense of misdemeanor larceny.
III. Conclusion
The trial court properly instructed the jury. Therefore, we conclude that Defendant received a fair trial, free from error.
NO ERROR.
Report per Rule 30(e).
Judges TYSON and COLLINS concur.

A lesser-included offense of robbery with a dangerous weapon.