STATE OF NORTH CAROLINA v. CHARLIE LEE

No. 876SC432

(Filed 19 January 1988)

**Larceny § 7.5— larceny from the person charged—taking from unattended grocery cart—conviction improper**

Defendant's conviction of larceny from the person pursuant to N.C.G.S. § 14-72(b)(1) cannot stand because the record shows that the larceny involved was not from the person of the complainant, as charged in the bill of indictment, but was from an unattended grocery cart; however, the evidence and the verdict will support a conviction of the lesser included offense of misdemeanor larceny.

ON *writ of certiorari* to review judgment entered by *Stevens, Judge.* Judgment entered 10 July 1986 in Superior Court, HALIFAX County. Heard in the Court of Appeals 17 November 1987.

*Attorney General Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Thomas I. Benton for defendant appellant.*

PHILLIPS, Judge.

Defendant's conviction of larceny from the person, G.S. 14-72 (b)(1), cannot stand because the record shows that the larceny involved was not from the person of the complainant as charged in the bill of indictment, but was from an unattended grocery cart. In pertinent part the evidence presented, all by the State, shows

State v. Lee

only that: Lois Strickland, while shopping at the Farm Fresh Store in Roanoke Rapids, had her shoulder handbag in the grocery cart she was pushing along when Anthony Taylor, defendant's accomplice in the thievery, asked her to help him find some unsalted sweet peas; pursuant to the request Ms. Strickland took "four or five" steps away from the cart and looked up and down the shelves and talked with Taylor for "a couple of minutes probably," and during that time defendant got the shoulder bag, which along with its contents had a value of $276 according to the indictment, and left the store with it. Upon returning to the cart and noticing that the bag was missing, Ms. Strickland reported the theft to store personnel and defendant was identified and apprehended a few minutes later.

In arguing that the evidence shows a larceny from the person the State relies upon three decisions in which similar convictions were upheld: *State v. Massey*, 273 N.C. 721, 161 S.E. 2d 103 (1968), where the wallet was not on the person of the victim when it was stolen but was on the ground, knocked there as a consequence of defendant's battery that immediately preceded the larceny; *Banks v. State*, 74 Ga. App. 449, 40 S.E. 2d 103 (1946), where money was stolen from under the pillow upon which the head of the sleeping victim rested; and *State v. Tramble*, 144 Ariz. 48, 695 P. 2d 737 (1985), where defendant reached through the window of a car and snatched a purse lying on the seat next to the victim. For reasons that appear to be self-evident to us, none of these cases is analogous to this case and none is authority for upholding defendant's conviction of larceny from the person.

The deficiency in the State's evidence was not raised directly by a motion for a directed verdict, as it should have been, and is only before us because defendant objected to and assigned as error the trial judge's charge to the jury as to the meaning of the term "from the person" and argued that he was entitled to a new trial. But since the deficiency in the State's evidence is so clear and cannot be remedied in a second trial, fundamental fairness and the orderly administration of justice require that we treat defendant's objection to the instruction as a motion for a directed verdict on the charge stated. In vacating the larceny from the person conviction, however, we note that the evidence and verdict support a conviction of the lesser included offense of misdemeanor larceny, *State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d

857 (1981), and remand the matter to the trial court so defendant can be sentenced for that offense in compliance with G.S. 14-3(a). Under the circumstances, defendant's other argument for a new trial need not be ruled upon.

Vacated and remanded.

Judges BECTON and GREENE concur.