STATE OF NORTH CAROLINA v. GARY D. BUCKOM

No. 335PA90

(Filed 7 March 1991)

1. **Common Law § 1 (NCI4th)— effective parts of common law**

So much of the common law as has not been abrogated or repealed by statute or become obsolete is in full force and effect in this state pursuant to N.C.G.S. § 4-1. The "common law" referred to in § 4-1 is the common law of England as of the date of the signing of the Declaration of Independence.

**Am Jur 2d, Common Law §§ 13-18.**

2. **Criminal Law § 11 (NCI4th)— statutory punishment—failure to define crime elements—common law applicable**

When a statute punishes a crime known at common law without defining its elements, the common law controls.

**Am Jur 2d, Criminal Law §§ 7, 9.**

3. **Larceny § 7.5 (NCI3d)— larceny from person—taking money from cash register**

The State's evidence was sufficient to support defendant's conviction for larceny from the person where it tended to show that a store clerk had just opened the cash register, had her left hand in the cash drawer, and was in the process of making change for the defendant when he reached into the cash register and forcibly removed a sum of money.

**Am Jur 2d, Larceny § 48.**

**What constitutes larceny "from a person." 74 ALR3d 271.**

4. **Larceny § 8 (NCI3d)— instruction—removal of money from cash register—taking from the person**

The trial court did not err in instructing the jury that a taking of property from a cash register while it was being operated by a store clerk would be a taking "from the person."

**Am Jur 2d, Larceny § 48.**

**What constitutes larceny "from a person." 74 ALR3d 271.**

5. **Larceny § 8 (NCI3d)— felonious larceny—failure to submit misdemeanor**

The trial court in a prosecution for felonious larceny from the person did not err in failing to submit to the jury a possible verdict for the lesser offense of misdemeanor larceny where no evidence tended to show that the lesser offense had been committed.

**Am Jur 2d, Larceny § 174.**

ON discretionary review, pursuant to N.C.G.S. § 7A-31, of the unpublished decision of the Court of Appeals, 99 N.C. App. 222, 393 S.E.2d 363 (1990), which found no error in the trial of the defendant before *Wright, J.,* or in the judgment entered against the defendant on 7 June 1989 by *Currin, J.,* in the Superior Court,

STATE v. BUCKOM

[328 N.C. 313 (1991)]

WAYNE County. Heard in the Supreme Court on 13 December 1990.

*Lacy H. Thornburg, Attorney General, by Jacob L. Safron, Special Deputy Attorney General, for the State.*

*Glenn A. Barfield for the defendant-appellant.*

MITCHELL, Justice.

The central issues before this Court on appeal are whether the trial court erred (1) by denying the defendant's motion to dismiss the charge against him for larceny from the person, or (2) by refusing to submit a possible verdict for the lesser offense of misdemeanor larceny for the jury's consideration. We affirm the holding of the Court of Appeals that the trial court did not err.

Evidence for the State tended to show that the defendant entered the Convenience Mart owned by James P. George — through his corporation, George of John Street, Inc. — on 25 October 1988. Catherine Stone testified that on 25 October 1988, she was working as a cashier in the store when the defendant entered shortly after 8:00 p.m. Stone twice refused to make change for the defendant to play video machines in the store. The third time the defendant approached the cash register, he purchased some candy. The defendant handed Stone his money and, as she opened the cash register to make change, he reached "over and pulled the money out of the, one of the slots that was in there and took out the largest sum of money and took off out the door." Stone testified that at that time her left hand was in the cash drawer. Evidence for the State tended to show that the defendant took $91.00 from the cash register.

The owner of the store, James P. George, testified that on his way to supper, he had seen the defendant in the parking lot. George then returned to the store to alert Stone to be careful of the defendant. When George returned to the premises after the larceny, Stone told him that the person he had pointed out to her had taken the money from the cash register.

After the State rested, the trial court denied the defendant's motion to dismiss the charges against him. The defendant presented no evidence.

After a charge conference, the trial court, over objection by the defendant, instructed the jury, *inter alia*, that: "Any property taken from the cash register when the cash register was being operated by Catherine Stone would be property taken from the person." The jury returned a verdict finding the defendant guilty of larceny from the person.

Judge Paul M. Wright, who had presided over the trial, recused himself from sentencing. Thereafter, a sentencing hearing was held before Judge Samuel T. Currin who sentenced the defendant to a ten-year term of imprisonment.

In an unpublished decision, the Court of Appeals held that the defendant's trial was free of error. On 29 August 1990, this Court allowed the defendant's petition for discretionary review.

By his first and second assignments of error, the defendant contends that the trial court erred by denying his motion to dismiss the charge of felonious larceny from the person and by instructing the jury to the effect that a taking of property from the cash register while it was being operated by Stone would be a taking from the person. We do not agree.

[1, 2] Before addressing the defendant's assignments of error, a review of certain principles of law is helpful. The General Assembly of North Carolina has declared that so much of the common law as has not been abrogated or repealed by statute or become obsolete is in full force and effect in this state. N.C.G.S. § 4-1 (1986); *see, e.g., Martin v. Thornburg,* 320 N.C. 533, 359 S.E.2d 472 (1987); *McMichael v. Proctor,* 243 N.C. 479, 91 S.E.2d 231 (1956); *State v. Hampton,* 210 N.C. 283, 186 S.E. 251 (1936). The "common law" referred to in N.C.G.S. § 4-1 is the common law of England as of the date of the signing of the Declaration of Independence. *Hall v. Post,* 323 N.C. 259, 372 S.E.2d 711 (1988); *Steelman v. City of New Bern,* 279 N.C. 589, 184 S.E.2d 239 (1971). It is well settled that when a statute punishes a crime known at common law without defining its elements, the common law definition controls. *State v. Roberts,* 286 N.C. 265, 210 S.E.2d 396 (1974); *State v. Ingland,* 278 N.C. 42, 178 S.E.2d 577 (1971). Bearing these principles in mind, we turn to the defendant's assignments of error.

The defendant argues that the evidence in the present case was uncontroverted to the extent that it tended to show that any

**STATE v. BUCKOM**

[328 N.C. 313 (1991)]

money taken was taken from the cash register and, therefore, not taken from the person of Stone. We do not agree.

Our legislature has decreed that larceny is a felony. N.C.G.S. § 14-70 (1986). In N.C.G.S. § 14-72, however, the legislature declared *inter alia* that the larceny of goods of a value of not more than $400.00 is a misdemeanor. N.C.G.S. § 14-72(a) (1986). Nevertheless, the legislature specifically exempted the crime of larceny from the person from that provision, when it provided further that larceny from the person is a felony without regard to the value of the property taken. N.C.G.S. § 14-72(b)(1) (1986); *see State v. Benfield*, 278 N.C. 199, 179 S.E.2d 388 (1971); *State v. Massey*, 273 N.C. 721, 161 S.E.2d 103 (1968). As none of our statutes define the phrase "from the person" as it relates to larceny, the common law definition controls. *See State v. Massey*, 273 N.C. 721, 161 S.E.2d 103 (1968) (applying common law elements of larceny).

At common law, "Larciny [sic] from the *person* is either by *privately* stealing; or by open and violent assault, which is usually called *robbery*." 4 W. Blackstone, *Commentaries* *241. "Open and violent larciny [sic] from the *person*, or *robbery* . . . is the felonious and forcible taking from the person of another, of goods or money to any value by violence or putting him in fear." *Id*. The difference between the two forms of larceny referred to by Blackstone is that " 'robbery,' even in its least aggravated form, is 'an open and violent larciny [sic] from the person,' or the felonious taking, from the person [of,] or *in the presence of*[,] another, of goods or money against his will by violence or by putting him in fear, whereas" stealing from the person is concealed, clandestine activity. H. Broom, *Commentaries on the Common Law* *976 (1856) (footnotes omitted) (emphasis added). At common law, larceny from the person differs from robbery in that larceny from the person lacks the requirement that the victim be put in fear. *State v. Henry*, 57 N.C. App. 168, 169-70, 290 S.E.2d 775, 776, *disc. rev. denied*, 306 N.C. 561, 294 S.E.2d 226 (1982); *see* N.C.G.S. § 14-72. Larceny from the person forms a middle ground in the common law between the "private" stealing most commonly associated with larceny, and the taking by force and violence commonly associated with robbery. *See State v. John*, 50 N.C. (5 Jones) 163, 166-70 (1857) (Pearson, J., *seriatim* opinion).

Taken in the context of the foregoing common law principles, "[p]roperty is stolen 'from the person,' if it was under the pro-

tection of the person at the time. . . . [P]roperty may be under the protection of the person although not actually 'attached' to him." R. Perkins & R. Boyce, *Criminal Law* 342 (3d ed. 1982) (footnotes omitted). For example, if a jeweler places diamonds on a counter for inspection by a customer, under the jeweler's eye, the diamonds remain under the protection of the jeweler. *Id.* It has not been the general interpretation that larceny from the person "requires an actual taking from the person, and is not committed by a taking from the immediate presence and actual control of the person. . . . As said by Coke in the 1600's: 'for that which is taken in his presence, is in law taken from his person.'" *Id.* at 342-43 (quoting 3 Coke, *Institutes* *69).

[3, 4]   In the instant case, all of the evidence tended to show that if the defendant committed any offense, he reached into the cash register and forcibly removed a sum of money. The clerk had just opened the register, had her left hand in the cash drawer, and was in the process of making change for the defendant when he reached in and grabbed the money. Such evidence was sufficient to support the defendant's conviction for larceny from the person. The trial court did not err by denying the defendant's motion to dismiss the charge against him for larceny from the person or in its instructions to the jury concerning the meaning of taking "from the person." ·

[5]   In the defendant's next assignment of error, he contends that the trial court erred by failing to instruct the jury to consider a verdict against him for misdemeanor larceny. We do not agree. Submission of the lesser offense of misdemeanor larceny was not required when, as here, no evidence tended to show that the lesser offense had been committed. *See, e.g., State v. Poole*, 298 N.C. 254, 258 S.E.2d 339 (1979); *State v. Henry*, 57 N.C. App. 168, 290 S.E.2d 775, *disc. rev. denied*, 306 N.C. 561, 294 S.E.2d 226 (1982).

For the foregoing reasons, we affirm the holding of the Court of Appeals in its unpublished decision finding no error in the defendant's trial.

Affirmed.