STATE OF NORTH CAROLINA v. JEFFREY REED PICKARD

No. COA00-298

(Filed 15 May 2001)

### 1. Larceny— felonious—doctrine of recent possession

The trial court did not err in a prosecution for felonious larceny by instructing the jury on the doctrine of recent possession, because: (1) if a stolen article is of a type not normally or frequently traded, then the inference of guilt would survive a longer period of time for the interval of time between the theft and finding a defendant in possession of the item; (2) an officer observed the victim's address book in defendant's vehicle less than three days after the victim's purse was stolen; (3) the victim's address book is unique in that it contains names, addresses, and phone numbers of her family and friends; and (4) at the time the address book was seen by an officer, the vehicle and its contents were in the possession and under the control of defendant.

### 2. Criminal Law— trial court's questions and statements—no expression of opinion

The trial court did not err in a prosecution for felonious larceny by posing questions and making statements that allegedly showed a judicial leaning that a detective had acted properly in selecting pictures for the photo lineup, allegedly belittled defendant's line of questioning regarding the victim's statements of her assailant's skin color, allegedly notified the jury that a crime had been committed by referring to "the victim," and allegedly admonished the jury not to visit the scene of the crime, because: (1) the comments and questions were to clarify testimony or to explain proper procedures to the jury; and (2) even though the trial court had the propensity to scatter leading questions among its inquiries, it was of minimal effect and did not rise to the level of harmless error.

### 3. Robbery— common law—instruction on larceny from the person

The trial court did not err by instructing the jury on larceny from the person as a lesser included offense of common law robbery, because: (1) larceny from the person has been consistently recognized as a lesser included offense of common law robbery; (2) robbery is an aggravated form of larceny; (3) the evidence suf-

ficiently established larceny from the person since it showed defendant took and carried away the victim's purse from her person and without her permission; and (4) even though defendant's request for this instruction followed by the withdrawal of the request was not invited error, the trial court properly instructed the jury based on the foregoing reasons.

Appeal by defendant from judgment entered 22 September 1999 by Judge Michael E. Helms in Rockingham County Superior Court. Heard in the Court of Appeals 14 March 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Kathryn Jones Cooper for the State.*

*Marjorie S. Canaday for the defendant-appellant.*

THOMAS, Judge.

Defendant, Jeffrey Reed Pickard, was found guilty by a jury on 22 September 1999 of felonious larceny from the person and occupying the status of a habitual felon. He was sentenced to a term of not less than 150 months nor more than 189 months. On appeal, defendant argues three assignments of error.

The state's evidence showed Darlene Lemons (whose name was Darlene Musick at trial) was using a pay phone in Eden, North Carolina between 5:00 and 5:30 p.m. on 19 December 1998. During her conversation on the phone, she noticed a man with three or four days of beard growth standing on the curb dressed in blue jeans, stocking cap and fatigue coat. Lemons, in a subsequent photo lineup and at trial, identified defendant as that person. Turning her back to him in order to hear better and obtain more privacy, Lemons suddenly found defendant at her side. He grabbed her purse from her arm, cutting her finger in the process. He then left the scene in a dark colored automobile with Lemons getting a clear view of the vehicle's license plate number. Among the items in her purse was an address book which listed names of Lemons' family members and friends.

Officer Tim Harbour of the Eden Police Department took a statement from Lemons which included her recitation of the license plate number. The vehicle was actually registered to defendant's brother, Arnold Jerome Pickard, a soldier at Fort Bragg, N.C., who had allowed defendant to assume the payments and take possession of it. Arnold Pickard, defendant's father, testified defendant and two other

STATE v. PICKARD

[143 N.C. App. 485 (2001)]

children lived with him and his wife in Reidsville, which is Eden's close neighbor in Rockingham County. He saw the defendant leave his home with the vehicle shortly after 5:00 p.m. on 19 December 1998.

The vehicle was found by Reidsville police officers at approximately 1:43 a.m. on 20 December 1998. It was parked on Turner Street, unoccupied, with the keys in the ignition and the headlights on. After checking the vehicle identification number and talking with defendant's father, the officers had it towed to his residence.

On 22 December 1998 Detective Greg Light saw the vehicle in question parked in the driveway of defendant's parents' house in Reidsville. After talking with the defendant's father, Light observed what he termed a "partial address book with certain names, addresses and phone numbers" in plain view on the front passenger seat of the vehicle. He wrote down some of the information. When Light returned the next day with a search warrant, however, the address book was not in the vehicle. Lemons testified that the names, phone numbers and addresses Light had written down were those of her family and friends and were from an address book which had been in her stolen purse.

Defendant presented evidence to show that he was elsewhere at the time of the incident and was known to "loan the vehicle out" to people in exchange for drugs. In fact, a friend of the defendant, Anthony Thomas, testified the defendant was at his house in Reidsville at 5:30 p.m. on 19 December 1998 but that he did not notice defendant's vehicle.

[1] By his first assignment of error, defendant argues the trial court erred in instructing the jury on the doctrine of recent possession. We disagree.

The doctrine of recent possession allows the jury to infer that the possessor of certain stolen property is guilty of larceny.

> For this doctrine to apply, the state must prove three things beyond a reasonable doubt. First that the property was stolen; second, that the defendant had possession of this same property. Now, a person has possession when he is aware of its presence and has, either by himself or together with others, both the power and intent to control its disposition or use. Third, that the defendant had possession of this property so soon after it was stolen

and under such circumstances as to make it unlikely that he obtained possession honestly.

*State v. Barnes*, 345 N.C. 184, 240, 481 S.E.2d 44, 75 (1997) *cert. denied*, 522 U.S. 876, 139 L. Ed. 2d 134 (1997); and *cert denied*, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998). This inference, by itself, is not absolute, as the Court in *Barnes* noted.

> The inference derived from recent possession is to be considered by the jury merely as an evidentiary fact along with other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. The inference which arises, however, is that the possessor is the thief.

*Id.* at 184, 481 S.E.2d at 76. In applying the *Barnes* test, 1) the partial address book is the property which was stolen; 2) defendant had possession of the property; and 3) it was discovered soon after the theft.

We note there is a time interval of approximately three days between the theft and the discovery. "Obviously if the stolen article is of a type normally and frequently traded in lawful channels, then only a relatively brief interval of time between the theft and finding a defendant in possession may be sufficient to cause the inference of guilt to fade away entirely." *State v. Blackmon*, 6 N.C. App. 66, 76, 169 S.E.2d 472, 479 (1969). In the alternative, "if the stolen article is of a type not normally or frequently traded, then the inference of guilt would survive a longer time period." *Id.* at 76, 169 S.E.2d at 479. This Court in *Blackmon* determined the stolen item, a hand-made tool, to be unique and that a time interval of twenty-seven days between the theft and discovery was permissible to allow an instruction on the doctrine of recent possession. Here, Lemons' address book is unique in that it contains names, addresses and phone numbers of her family and friends. It was observed in defendant's vehicle less than three days after the purse was stolen. At the time the address book was seen, the vehicle and its contents were in the possession and under the control of the defendant. This is sufficient evidence to allow an instruction on the doctrine of recent possession.

As an additional argument, however, defendant contends that because the address book was not listed in the bill of indictment it cannot be the basis for an instruction on the doctrine of recent possession. We find no merit in this contention. Our Supreme Court has

held that when a defendant "is indicted for stealing items different from those actually found in his possession, the inference cannot arise unless it is also shown that the property in his possession was stolen at the same time and place as the property listed in the bill of indictment." *State v. Fair*, 291 N.C. 171, 174, 229 S.E.2d 189, 190-91 (1976). Here, Lemons testified at trial that the address book was among the items contained in her purse when it was stolen. Defendant was identified as the perpetrator of the crime. The address book was last seen in defendant's vehicle less that three days after the theft. At that time, the vehicle was parked in the driveway of defendant's residence. The evidence presented is sufficient to allow an inference under the doctrine of recent possession, thus we reject this assignment of error.

[2] By his second assignment of error, defendant argues the trial court erred in posing questions and making statements that constituted impermissible comments on the evidence in violation of defendant's due process right to a fair trial and in violation of N.C. Gen. Stat. §15A-1222. We disagree.

Our Supreme Court in *State v. Fleming*, 350 N.C. 109, 512 S.E.2d 720 (1999), held that:

> The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury. N.C.G.S. § 15A-1222 (1997) . . . 'The law imposes on the trial judge the duty of absolute impartiality.' *Nowell v. Neal*, 249 N.C. 516, 520, 107 S.E.2d 107, 110 (1959). The trial judge also has the duty to supervise and control a defendant's trial, including the direct and cross-examination of witnesses, to ensure fair and impartial justice for both parties. *State v. Agnew*, 294 N.C. 382, 395, 241 S.E.2d 684, 692, *cert. denied*, 439 U.S. 830, 58 L. Ed. 2d 124 (1978). 'Furthermore, it is well recognized that a trial judge has a duty to question a witness in order to clarify his testimony or to elicit overlooked pertinent facts.' *State v. Rogers*, 326 N.C. at 220, 341 S.E.2d at 723; *see also State v. Jackson*, 306 N.C. 642, 651, 295 S.E.2d 383, 388 (1982).

> 'In evaluating whether a judge's comments cross into the realm of impermissible opinion, a totality of the circumstances test is utilized.' [State v.] *Larrimore*, 340 N.C. [119,] 155, 456 S.E.2d [789,]808 [(1995)]. 'The trial court has a duty to control the examination of witnesses, both for the purpose of conserving the trial court's time and for the purpose of protecting the witness from

prolonged, needless, or abusive examination.' *State v. White*, 340 N.C. 264, 299, 457 S.E.2d 841, 861, *cert. denied*, [516] U.S. [994], 133 L. Ed. 2d 436 (1995). In performing this duty, however, the trial court's position as the 'standard bearer of impartiality' requires that 'the trial judge must not express any opinion as to the weight to be given to or credibility of any competent evidence presented before the jury.' *Larrimore*, 340 N.C. at 154-55, 456 S.E.2d at 808.

*Id.* at 125-26, 512 S.E.2d at 732-33.

Specifically, defendant contends the trial judge 1) made comments to show a judicial leaning that Detective Light had acted properly in selecting pictures for the photo lineup; 2) belittled defendant's line of questioning regarding Lemons' statements of her assailant's skin color; 3) notified the jury that a crime had been committed by referring to Lemons as "the victim," and 4) admonishing the jury not to visit the "scene of the crime."

"Not every improper remark made by the trial judge requires a new trial. When considering an improper remark in the light of the circumstances under which it was made, the underlying result may manifest mere harmless error." *State v. Summerlin*, 98 N.C. App. 167, 174, 390 S.E.2d 358, 361 (1990). Our review of the record, viewed in the light of the totality of the circumstances, shows no prejudicial remarks. The comments and questions by the trial judge were to clarify testimony or to explain proper procedures to the jury. Even though the trial court had a propensity to scatter leading questions among its inquiries, such was of minimal effect and did not even rise to the level of non-prejudicial or harmless error. Accordingly, we reject this assignment of error.

[3] By his third assignment of error, defendant contends the trial court erred by instructing the jury on larceny from the person as a lesser included offense of common law robbery. We disagree.

Common law robbery is an open and violent larceny from the person or the felonious and forcible taking, from the person of or in the presence of another, of goods or money against his will by violence or by putting him in fear. *State v. Buckom*, 328 N.C. 313, 401 S.E.2d 362, (1991).

The essential elements of larceny are that the defendant: 1) took the property of another; 2) carried it away; 3) without the owner's

consent; and 4) with the intent to deprive the owner of the property permanently. *State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982). "As no statute defines the phrase 'from the person' as it relates to larceny, the common law definition controls." *Buckom*, 328 N.C. at 317, 401 S.E.2d at 365. Our Supreme Court has held that

> At common law, larceny from the person differs from robbery in that larceny from the person lacks the requirement that the victim be put in fear. *State v. Henry*, 57 N.C. App. 168, 169-70, 290 S.E.2d 775, 776, *disc. rev. denied*, 306 N.C. 561, 294 S.E.2d 226 (1982); *see* N.C.G.S. § 14-72. Larceny from the person forms a middle ground in the common law between the 'private' stealing most commonly associated with larceny, and the taking by force and violence commonly associated with robbery. *See State v. John*, 50 N.C. (5 Jones) 163, 166-70 (1857) (Pearson, J., *seriatim* opinion).

*Buckom*, 328 N.C. at 317, 401 S.E.2d at 365 (1991). Our Supreme Court has further held that:

> The necessity of instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *The presence of such evidence* is the determinative factor.

*State v. Jones*, 291 N.C. 681, 687, 231 S.E.2d 252, 255 (1977) (citations omitted) (emphasis original).

Larceny from the person has been consistently recognized as a lesser included offense of common law robbery. Robbery, in turn, is an aggravated form of larceny. *See State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988); *State v. Young*, 305 N.C. 391, 289 S.E.2d 374 (1982). Our Supreme Court has held that a defendant who has been formally charged with common law robbery, may be convicted of the "lesser included" offense of larceny from the person upon proper instructions to the jury by the trial court. *Young*, 305 N.C. at 393, 289 S.E.2d at 376. In the instant case, the evidence presented at trial established that defendant took and carried away Lemons' purse from her person and without her permission. This is sufficient to establish larceny from the person.

We also note the State argues that even if there were error in the instruction it was invited. Defendant initially requested an instruction

on larceny from the person during the instruction conference and prior to the court's charge to the jury. One who invites the trial court to commit error is not in a position to then assign it as error and the basis of a request for a new trial. *See State v. Payne*, 280 N.C. 170, 185, S.E.2d 101 (1971); *Medford v. Davis*, 62 N.C. App. 308, 302 S.E.2d 838 (1983).

In the instant case, however, defendant rescinded his request and objected to its inclusion *before* the charge was given to the jury. The initial request was made in the late afternoon and the instruction conference was continued until the following morning. When the conference was reconvened though, defendant withdrew the request. At that point, the State asked for the instruction. Defendant objected and after the instruction was given to the jury, objected again. Clearly, the timing of defendant's rescission did not work a hardship on the court or cause undue delay. There was no evidence the request followed by the rescission was done in such a manner so as to subvert the proceedings.

Defendant, therefore, did appropriately and successfully withdraw his request. Although the right to assign the giving of the instruction as error was preserved, we nevertheless hold the trial court properly instructed the jury as to the lesser included offense of larceny from the person. Accordingly, this assignment of error is rejected.

We find the defendant received a fair trial, free from the errors assigned.

NO ERROR.

Judges WYNN and McGEE concur.