STATE OF NORTH CAROLINA v. GEORGE CLEVELAND BOSTON

No. COA03-932

(Filed 17 August 2004)

### 1. Larceny— instructions—lesser included offense

The failure to instruct on the lesser included offense of misdemeanor larceny was error where there was conflicting evidence on the "from the person" element of larceny from the person.

### 2. Criminal Law— admissions in argument—ineffective assistance of counsel—remedy—motion for appropriate relief

The appropriate remedy for defense counsel's alleged failure to obtain defendant's consent to make admissions during opening arguments was a motion for appropriate relief in superior court. N.C.G.S. § 15A-1415(b)(3).

Appeal by defendant from judgment entered 11 February 2003 by Judge W. Russell Duke, Jr. in Chowan County Superior Court. Heard in the Court of Appeals 26 April 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Jill F. Cramer, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

THORNBURG, Judge.

On 11 February 2003, a jury convicted George Cleveland Boston ("defendant") of common law robbery and being an habitual felon. At trial, the evidence presented by the State and by defendant differed significantly.

The State's evidence included the following: William Skinner ("Mr. Skinner") testified that a former co-worker of his brought defendant to Mr. Skinner's house. Defendant or the co-worker asked if Mr. Skinner would be interested in buying some guns. Mr. Skinner said yes. Defendant indicated that he had the guns out in the car and left the house. The following day defendant returned to Mr. Skinner's house. Mr. Skinner agreed to buy guns from defendant and gave defendant a check for fifty dollars. Defendant left and did not return with the guns. The next morning Mr. Skinner stopped payment on the check.

That night defendant returned for the third time to Mr. Skinner's house. Defendant knocked on the back door and Mr. Skinner let him in the house. Mr. Skinner declined to purchase two more guns from defendant. During this conversation Mr. Skinner was sitting in the den. At some point defendant asked for a blank check, which Mr. Skinner declined to give. Defendant then wanted to put his cigarette out. When Mr. Skinner turned to give defendant an ash tray, defendant hit Mr. Skinner on the head, knocking him to the ground. Defendant jumped on top of Mr. Skinner and started trying to get Mr. Skinner's wallet out of his pocket. Defendant succeeded in taking Mr. Skinner's wallet, which contained papers including personal information and one hundred and twenty dollars ($120.00). Defendant then left the house. Mr. Skinner called the police and told the officer what had happened.

In addition to Mr. Skinner's testimony, the State presented the testimony of the police officer who responded to Mr. Skinner's call. The officer's description of Mr. Skinner's report to the officer concerning the theft of the wallet was essentially the same as Mr. Skinner's testimony at trial. The officer also testified about Mr. Skinner's appearance the night of the incident. The officer said that Mr. Skinner was bleeding, he had scrapes on his head, and he was shaking. The officer also testified that Mr. Skinner's hair was all in a mess, his shirt was untucked, and his belt was undone.

Defendant testified to the events that led to his conviction as follows: Defendant sold one gun to Mr. Skinner. Mr. Skinner paid with a two-party check, which defendant cashed. The next day defendant sold a second gun to Mr. Skinner, but this time was unable to cash Mr. Skinner's check. Defendant returned to Mr. Skinner's house for the third time and asked Mr. Skinner about the check. Mr. Skinner said that he was not going to give defendant any more money. During this conversation, defendant noticed a wallet on a little table near where defendant was standing. Defendant then took the wallet and walked out the door. Defendant testified that Mr. Skinner did not see defendant take the wallet. Defendant also testified that he did not "put his hands on" Mr. Skinner or "physically abuse" Mr. Skinner.

The trial judge initially indicated to counsel that he planned to instruct the jury on common law robbery, larceny from the person, and misdemeanor larceny. The attorney for the State requested that the judge not instruct on misdemeanor larceny. Over the objection of defense counsel, the trial court followed the State's request and instructed the jury that the possible verdicts were common law rob-

bery, larceny from the person, or not guilty. After the jury returned verdicts of guilty of common law robbery and being an habitual felon, the trial court sentenced defendant to a minimum of one hundred forty-four (144) months to a maximum of one hundred eighty-two (182) months in the custody of the North Carolina Department of Correction. Defendant appeals.

We have reviewed the assignments of error brought forward by defendant, and we find reversible error in the trial court's refusal to instruct the jury on the crime of misdemeanor larceny.

I

[1] Defendant contends that the trial court erred by refusing to instruct the jury on the charge of misdemeanor larceny, a lesser included offense of larceny from the person. *State v. Lee*, 88 N.C. App. 478, 479, 363 S.E.2d 656, 657 (1988). Where the evidence supports the defendant's guilt of a lesser included offense, the defendant is entitled to have the question submitted to the jury. *State v. Summitt*, 301 N.C. 591, 596, 273 S.E.2d 425, 427 (1981), *cert. denied*, 451 U.S. 970, 68 L. Ed. 2d 349 (1981). However, where the evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, the trial court is not required to submit a lesser included offense to the jury. *State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E.2d 706, 714 (1972).

Defendant argues that there was conflicting evidence relating to the "from the person" element of the larceny from the person charge. "[F]or larceny to be 'from the person,' the property stolen must be in the immediate presence of and under the protection or control of the victim . . . ." *State v. Barnes*, 345 N.C. 146, 149, 478 S.E.2d 188, 190 (1996) (citing *State v. Buckom*, 328 N.C. 313, 317-18, 401 S.E.2d 362, 365). In *Barnes* the North Carolina Supreme Court held that the evidence did not support a conviction for larceny from the person where the defendant stole a bank bag from an unattended bank kiosk. *Id.* at 150-51, 478 S.E.2d at 191. Further evidence before the *Barnes* court indicated that the teller of the kiosk was twenty-five to thirty feet away from the kiosk, at another shop. *Id.* at 147, 478 S.E.2d at 189. In *State v. Lee*, 88 N.C. App. 478, 363 S.E.2d 656 (1988), this Court held that the evidence did not support a larceny from the person conviction where the defendant stole a handbag from a shopping cart while the owner was four or five steps away, looking up and down the shelves and talking to another person. *Id.* at 479, 363 S.E.2d at 656.

In the instant case, defendant testified that he and Mr. Skinner were in the same room of Mr. Skinner's house, that he and Mr. Skinner were talking, and that when Mr. Skinner turned away, defendant took a wallet from a table in the same room. Defendant testified further that Mr. Skinner did not see defendant take the wallet. Under *Barnes* the property stolen must be "in the immediate presence *and under the protection or control* of the victim at the time the property is taken." *Id.* at 149, 478 S.E.2d at 190 (emphasis added). By testifying that Mr. Skinner did not see defendant take the wallet and that Mr. Skinner was turned away from the wallet when the wallet was taken, we hold that defendant presented conflicting evidence as to whether the wallet was under the protection or control of Mr. Skinner at the time it was taken.

This holding is consistent with the North Carolina Supreme Court's decision in *State v. Buckom*, 328 N.C. 313, 401 S.E.2d 362 (1991). In *Buckom*, the Court held that the "from the person" element of larceny from the person was supported by evidence that the defendant took money from the open drawer of a cash register at the same time the cashier was reaching in the drawer to make change. *Id.* at 318, 401 S.E.2d at 365. What distinguishes *Buckom* from *Lee* and *Barnes* is not only the distance involved, which is relevant to immediate presence, but also the awareness of the victim of the theft at the time of the taking, which is relevant to protection and control. This distinction is further supported by dicta in *Buckom* and *Barnes*. Both cases cited the example of diamonds placed on the counter and "under the jeweler's eye" as remaining under the protection of the jeweler. *Buckom*, 328 N.C. at 318, 401 S.E.2d at 365; *Barnes*, 345 N.C. at 148, 478 S.E.2d at 190.

In the instant case, defendant presented evidence that the wallet was not under the eye of, or the protection or control of, Mr. Skinner at the time the wallet was taken. Thus, defendant presented conflicting evidence on the "from the person" element of larceny from the person, and the trial court erred by refusing to instruct the jury on the lesser included offense of misdemeanor larceny. Defendant is, therefore, entitled to a new trial in accordance with this ruling.

II

[2] As our ruling on defendant's first assignment of error is dispositive, we address only one of defendant's remaining arguments. Defendant contends that the trial court erred by failing to determine

whether defendant consented to admissions made by defense counsel during opening argument regarding the theft of the wallet. Because the record is silent as to defendant's consent to his attorney's admissions during opening argument, we do not pass on this assignment of error. The appropriate remedy, if any, is for defendant to file a motion for appropriate relief in superior court based upon ineffective assistance of counsel pursuant to N.C. Gen. Stat. § 15A-1415(b)(3) (2003); *see State v. House*, 340 N.C. 187, 197, 456 S.E.2d 292, 297 (1995) (holding that the Court will not presume from a silent record that defense counsel argued the defendant's guilt without the defendant's consent and indicating that the appropriate avenue for relief, if any, is through the filing of a motion for appropriate relief). We note that our ruling herein is without prejudice to defendant's right to file such motion.

New trial.

Chief Judge MARTIN and Judge HUNTER concur.