STATE OF NORTH CAROLINA
v.
OSCAR OMAR OSORTO, SR.,
No. COA06-531
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Chris Z. Sinha, Assistant Attorney General, for the State.
Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.
STEELMAN, Judge.
Defendant appeals multiple sex offense convictions because of alleged ineffective assistance of counsel, erroneous admission of testimony, and imposition of an aggravated sentence. For the reasons discussed herein, we find no error.
Two sisters, A.M. and D.M., attended a church, Kingdom Hall, in Siler City, North Carolina. Defendant was an elder in the church. As an elder, defendant spoke with the young girls concerning their relationships with their boyfriends. Eventually these conversations led to defendant's performing various and sordid sexual acts upon the girls some of which took place at Kingdom Hall. Defendant was indicted on one count of attempted statutory rape of a person 13, 14, or 15 years old; four counts of statutory rape of a person 13, 14, or 15 years old; two counts of indecent liberties with a child; two counts of first degree statutory rape of a child; and three counts of statutory sexual offense on a person 13, 14, or 15 years old. On 16 November 2005, a jury found defendant guilty of all twelve charges. The jury also found, from evidence beyond a reasonable doubt, the aggravating factor that defendant took advantage of a position of trust or confidence to commit the offenses. The trial court consolidated the offenses into two judgments, each imposing active sentences of 300 to 369 months imprisonment from the aggravated range of sentences. The two judgments were to run concurrently. Defendant appeals.
In his first argument, defendant contends that his trial counsel was per se ineffective when he conceded defendant's guilt on two of the charges in the closing argument to the jury without defendant's consent. We decline to rule upon this argument.
Defendant's trial counsel, in his closing argument, stated:
Now Oscar Osorto has admitted of course that he had sex with [A.M.] twice, once when she was 15, a crime whose maximum possible punishment...is 369 months, 30 years. He has consistently denied having sex with [D.M.]. And he has denied having sex with [M.M.].
Defendant contends that the first portion of this argument constituted an unauthorized admission of defendant's guilt to two of the charges in violation of State v. Harbison, 315 N.C. 175, 337 S.E.2d 504 (1985), cert. denied, 476 U.S. 1123, 90 L. Ed. 2d 672-73(1986), and entitles defendant to a new trial. Harbison does indeed hold that:
When counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial and to put the State to the burden of proof are completely swept away...Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury.
Id. at 180, 337 S.E.2d at 507 (internal citations omitted). However, the record in this case is silent as to whether defendant did or did not consent to counsel's concession of guilt as to two of the offenses based upon defendant's own trial testimony. We refuse to presume from a silent record that counsel acted without defendant's consent. State v. House, 340 N.C. 187, 196, 456 S.E.2d 292, 297 (1995). We therefore do not rule on this assignment of error. "The appropriate remedy, if any, is for defendant to file for appropriate relief in superior court based upon ineffective assistance of counsel pursuant to N.C. Gen. Stat. § 15A-1415(b)(3)." State v. Boston, 165 N.C. App. 890, 894, 600 S.E.2d 863, 865 (2004). Our ruling is without prejudice to defendant's right to file such a motion.
In his second argument, defendant contends that the trial court erred in admitting the testimony of A.M. and D.M.'s sister M.M. as to similar conduct of defendant. We disagree.
During the cross-examination of D.M., the following colloquy transpired:
COUNSEL: Okay. And so around the time he began to talk to you, he told you that he was having sex with [A.M.]; correct?
THE WITNESS: No, sir. He didn't tell me specifically. He told me your sisters have gone through the same thing, both [M.M.] and [A.M.]. And I don't know why you can't do it.
THE COURT: Restate that again. Restate what you just said.
THE WITNESS: Yes, sir. He said, "Both of your sisters...have done it. So I don't know why you can't," telling me that it was normal.
When the State called M.M. as a witness, defendant objected, contending that M.M.'s testimony as to defendant's uncharged bad acts committed upon M.M. would be prejudicial. The trial court overruled defendant's objection, stating that defendant had opened the door to questions regarding defendant's conduct with M.M.
The North Carolina Supreme Court has held that:
the law wisely permits evidence not otherwise admissible to be offered to explain or rebut evidence elicited by the defendant himself. Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially.
State v. Albert, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981).
In the instant case, defendant opened the door to M.M.'s testimony regarding defendant's uncharged conduct with her when questioning D.M. on cross-examination. Where as here, the whole story is revealed subsequent to defendant's initial elicitation of the testimony during cross-examination, defendant cannot allege error. See State v. Duke, 360 N.C. 110, 121, 623 S.E.2d 11, 19 (2005). This assignment of error is without merit. In his third argument, defendant contends that the trial court improperly submitted an aggravating factor to the jury because it had no jurisdiction to do so. We disagree.
The trial court submitted to the jury the aggravating factor of whether defendant took advantage of his position of trust as an elder in the church in order to commit the offenses. The jury answered "yes" and found the existence of the aggravating factor beyond a reasonable doubt. The trial court exercised its discretion to sentence defendant from the aggravated range.
The trial court's submission of the aggravating factor to the jury for determination was proper, "as North Carolina law independently permits the submission of aggravating factors to a jury using a special verdict." State v. Blackwell, 361 N.C. 41, 46, 638 S.E.2d 452, ___ (2006). Special verdicts are the proper format in which to submit aggravating factors to the jury for cases arising prior to the applicable date of the amendments to N.C. Gen. Stat. § 15A-1340.16 (Structured Sentencing Act, Aggravated and Mitigated Sentences, amended effective 30 June 2005, in accordance with Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004)). See State v. Johnson, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2 January 2007). Defendant's argument is without merit.
We decline to rule upon defendant's ineffective assistance of counsel argument and hold that defendant's trial was without error.
NO ERROR.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).