**STATE v. SHEPPARD**

[228 N.C. App. 266 (2013)]

———————————

STATE OF NORTH CAROLINA
v.
ALONZO ARNOLD SHEPPARD, JR.

No. COA12-1435

Filed 2 July 2013

1.  **Larceny—from the person—motion to dismiss—sufficiency of evidence**

    The trial court did not err by denying defendant's motion to dismiss the charge of larceny from the person. The victim's purse was within reach of the victim and the victim immediately realized the larceny as it occurred.

2.  **Sentencing—alternative felonies—larceny from the person—larceny of goods worth more than $1,000**

    The trial court erred by sentencing defendant for both larceny from the person and larceny of goods worth more than $1,000 based on a single larceny since they are alternative ways to establish a Class H felony and judgment may only be entered for one larceny. However, either larceny conviction standing alone was sufficient to support defendant's status as an habitual felon. Further, the sentence imposed by the trial court was within the presumptive range for a single Class H felony larceny.

3.  **Indictment and Information—fatal variance—felony larceny of goods—value of goods**

STATE v. SHEPPARD

[228 N.C. App. 266 (2013)]

Defendant's conviction for felony larceny of goods worth more than $1,000 was vacated and remanded to the trial court for resentencing because the indictment stated the property was worth $1,000.

Appeal by defendant from judgment entered 12 July 2012 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 13 March 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Barry H. Bloch, for the State.*

*Kevin P. Bradley for defendant appellant.*

McCULLOUGH, Judge.

Alonzo Arnold Sheppard, Jr., ("defendant") appeals from his convictions for larceny from the person and felony larceny of goods worth more than $1,000 and his classification as an habitual felon. For the following reasons, we vacate defendant's conviction for felony larceny of goods worth more than $1,000 and remand to the trial court for resentencing.

## I. Background

Defendant was arrested without a warrant on 11 November 2010 for the theft of a purse from a shopping cart. On 7 March 2011, defendant was indicted by a Forsyth County Grand Jury on charges of financial card theft, larceny from the person, and felony larceny. Defendant was additionally indicted as an habitual felon on a separate bill of indictment.

Defendant's case came on for jury trial during the 9 July 2012 Criminal Session of Forsyth County Superior Court, the Honorable William Z. Wood, Jr., presiding. Testimony proffered by the victim tended to show the following: On 1 November 2012, the victim went to Harris Teeter to buy groceries. Upon entering the store, the victim got a shopping cart and placed her purse in the child's seat, next to the handle bar. After picking up several items on her list, the victim stopped to look at pickles. While looking at a jar of pickles she was holding, the victim noticed out of the corner of her eye someone pass by her shopping cart, which was "right beside [her]," within a "hand's reach away from [her]." The victim immediately glanced down into her shopping cart and noticed her purse was gone. The victim looked up the aisle and saw a man a few feet in front of her walking towards the exit. The man had the victim's purse in his hand. The victim followed the man. By the time the man reached

the exit, he was almost running. The victim yelled for someone to call the police as she reached the exit of the store.

At the close of the State's evidence, defendant moved to dismiss the charges for financial card theft, larceny from the person, and felony larceny. The trial court granted defendant's motion to dismiss the financial card theft charge.

On 11 July 2012, the jury returned verdicts finding defendant guilty of larceny from the person and felony larceny of goods worth more than $1,000. On 12 July 2012, the jury also returned a verdict finding defendant guilty of attaining the status of an habitual felon. The trial court consolidated the offenses for judgment and sentenced defendant to a single term of 110 to 141 months. Defendant was given credit for 610 days served awaiting trial. Defendant gave oral notice of appeal.

## II. Analysis

Defendant raises the following issues on appeal: whether the trial court erred by (1) denying defendant's motion to dismiss the charge of larceny from the person; (2) sentencing defendant for both larceny from the person and felony larceny of goods worth more than $1,000 for a single larceny; and (3) sentencing defendant for felony larceny of goods worth more than $1,000 where the indictment alleged a different offense.

## Motion to Dismiss

[1] Defendant's first argument on appeal is that the trial court erred in denying his motion to dismiss the larceny from the person charge because there was insufficient evidence to support the charge. "This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

"The essential elements of larceny are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." *State v. Wilson*, 154 N.C. App. 686, 690, 573 S.E.2d 193, 196 (2002). When the property is taken "from the person," the larceny is a Class H felony without regard to the value of the property. N.C. Gen. Stat. § 14-72(b) (2011). "[F]or larceny to be 'from the person,' the property stolen must be in the immediate presence of and under the protection or control of the victim at the time the property is taken." *State v. Barnes*, 345 N.C. 146, 149, 478 S.E.2d 188, 190 (1996) (emphasis omitted) (citing *State v. Buckom*, 328 N.C. 313, 317-18, 401 S.E.2d 362, 365 (1991)). " '[I]t is not necessary that the stolen property be attached to the victim's person in order for the theft to constitute larceny from the person . . . .' " *State v. Wilson*, 328 N.C. 313, 691, 573 S.E.2d 193, 196 (2002) (quoting *State v. Barnes*, 121 N.C. App. 503, 505, 466 S.E.2d 294, 296, *aff'd*, 345 N.C. 146, 478 S.E.2d 188 (1996)).

In this case, defendant contends there was insufficient evidence that the victim's purse was "under the protection or control" of the victim at the time it was taken. Specifically, defendant contends the victim was looking at a jar of pickles she was holding and not protecting her purse. We do not agree.

Although the victim was looking at a jar of pickles she was holding, there is substantial evidence that the victim's purse was in the victim's immediate presence and under the victim's protection or control. The evidence at trial tended to show that at the time defendant took the victim's purse, the purse was in the child's seat of the victim's shopping cart, next to the handle bar. The shopping cart and purse were "right beside [the victim]" within a "hand's reach away from [the victim]." As the victim was looking at a jar of pickles, the victim noticed someone walk by out of the corner of her eye and immediately glanced down into her shopping cart and realized her purse was gone. The victim then looked up and saw defendant a few feet in front of her walking away with her purse. The victim then testified that she "pursue[d] [defendant] because it was [her] purse, and he had taken it from [her]."

Defendant argues that this case is indistinguishable from *State v. Lee*, 88 N.C. App. 478, 363 S.E.2d 656 (1988), in which we vacated the defendant's conviction for larceny from the person "because the record show[ed] that the larceny involved was not from the person of the complainant as charged in the bill of indictment, but was from an unattended grocery cart." *Id.* at 478, 363 S.E.2d at 656. We, however, find

the facts in the present case distinguishable. In *Lee*, the victim placed her shoulder handbag in her shopping cart and was shopping when an accomplice of the defendant asked the victim to help him find unsalted sweet peas. *Id.* at 479, 363 S.E.2d at 656. The victim then "took 'four or five' steps away from the cart and looked up and down the shelves and talked with [the accomplice] for 'a couple of minutes probably,' and during that time [the] defendant got the shoulder bag[] . . . and left the store with it." *Id.* The victim in *Lee* did not notice her purse had been taken until she returned to her shopping cart. *Id.* Although similar, the facts in the present case are distinguishable. The victim in this case did not walk away from her purse and shopping cart for a couple of minutes. Instead, the victim remained next to her shopping cart and purse, within a hand's reach, while looking at a jar of pickles. Furthermore, the victim immediately realized the larceny at the moment it occurred and pursued defendant as he fled the store.

Where larceny from the person does not require that the property taken be attached to the victim, but merely taken from the victim's presence while under the victim's protection or control, we find the evidence in this case, where the victim's purse was within reach of the victim and the victim immediately realized the larceny as it occurred, sufficient to support the charge of larceny from the person when viewed in the light most favorable to the State. *See State v. Boston*, 165 N.C. App. 890, 893, 600 S.E.2d 863, 865 (2004) (commenting that distance is relevant to "immediate presence" and awareness of the victim of the theft at the time of the taking is relevant to "protection and control"). Therefore, the trial court did not err in denying defendant's motion to dismiss.

### Judgment and Sentencing

[2] Defendant's second argument on appeal is that the trial court erred in sentencing defendant for both larceny from the person and larceny of goods worth more than $1,000 based on a single larceny. We agree.

After the jury returned verdicts finding defendant guilty of larceny from the person, larceny of goods worth more than $1,000, and attaining the status of an habitual felon, the trial court consolidated the three offenses for judgment and sentenced defendant to a single term of 110 to 141 months. We hold the trial court erred in entering judgment and sentencing defendant for both larceny from the person and larceny of goods worth more than $1,000 based on a single larceny. "[T]he purpose of [N.C. Gen. Stat. §] 14–72 is to establish levels of punishment for larceny based on the value of the goods stolen, the nature of the goods stolen or the method by which stolen, not to create new offenses."

*State v. Boykin,* 78 N.C. App. 572, 576, 337 S.E.2d 678, 681 (1985). Thus, larceny from the person and larceny of goods worth more than $1,000 are not separate offenses, but alternative ways to establish that a larceny is a Class H felony. *See* N.C. Gen. Stat. § 14-72(a) & (b).

While it is proper to indict defendant on alternative theories of felony larceny and allow the jury to determine defendant's guilt as to each theory, where there is only one larceny, judgment may only be entered for one larceny. In this case, the trial court acknowledged that there was only one larceny, and therefore issued only one sentence. Nevertheless, it entered judgment for both larceny from the person and larceny of goods worth more than $1,000. As described above, the trial court erred.

Although the trial court erred in entering judgment on both larceny convictions, we note that either larceny conviction standing alone is sufficient to support defendant's status as an habitual felon. Furthermore, the sentence imposed by the trial court, 110 to 141 months, is within the presumptive range for a single Class H felony larceny considering defendant's status as an habitual felon elevates the Class H felony to a Class C for punishment and defendant is a prior record level IV. *See* N.C. Gen. Stat. § 15A-1340.17 (2011). Thus, the trial court's error was that it entered judgment and sentenced defendant for both larceny convictions, not that it imposed an improper sentence.

## Defective Indictment

**[3]** Defendant's third argument on appeal is that the trial court lacked jurisdiction to sentence defendant for larceny of goods worth more than $1,000 because the indictment provided that "defendant . . . unlawfully, willfully and feloniously did steal, take, and carry away U.S. CURRENCY, the personal property of [the victim], such property having a value of $1,000.00." For purposes of appeal, we acknowledge the inconsistency, accept defendant's argument, and vacate defendant's conviction for felony larceny of goods worth more than $1,000.

As discussed above, defendant's conviction for larceny from the person was sufficient to support the sentence issued. Nevertheless, because we vacate defendant's conviction for felony larceny of goods worth more than $1,000, we must remand to the trial court for resentencing.[1]

---

1. We note that the sentence issued on remand is unlikely to differ from the sentence previously issued. As discussed above, the term of 110 to 141 months issued for the consolidated offenses is within the presumptive range for defendant's conviction for larceny from the person considering defendant's prior record level and status as an habitual felon.

III. Conclusion

For the reasons discussed above, we affirm the trial court's denial of defendant's motion to dismiss the larceny from the person charge, vacate defendant's conviction for felony larceny of goods worth more than $1,000, and remand to the trial court for resentencing.

Affirmed in part; vacated and remanded in part.

Judges BRYANT and HUNTER, JR. (Robert N.) concur.