An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-221

Filed:  6 October 2015

Forsyth County, Nos. 13 CRS 5891, 13 CRS 52447

STATE OF NORTH CAROLINA

v.

BRIAN DEWAYNE MCCULLOUGH

Appeal by defendant from judgment entered 25 June 2014 by Judge Edwin G. Wilson in Forsyth County Superior Court.  Heard in the Court of Appeals 9 September 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Cathy Hinton Pope, for the State.*
>
> *Charlotte Gail Blake, for defendant.*

CALABRIA, Judge.

Brian Dewayne McCullough ("defendant") appeals from judgment entered upon a jury verdict finding him guilty of felony larceny from the person and his subsequent admission to attaining the status of an habitual felon.  We find no error.

On 20 February 2013, Diana Morales ("Morales") was working alone as a store manager of Aces and Me Wireless.  That morning, defendant entered the store and asked Morales to answer questions about the company's different cell phones and

wireless plans. Once defendant picked out a phone, Morales provided him with an activation form to complete.

Morales then walked to the store's stock room to retrieve the phone defendant had chosen and, upon her return, she placed the phone on her desk, which was located behind an "employee-only" counter. After Morales informed defendant of the phone's price, she moved to the computerized register and entered the relevant purchase information. Morales also retrieved the activation form, returned to the register, and continued standing there while she entered the information from the form defendant had completed. At that time, defendant jumped across the counter, grabbed the phone from Morales' desk, and returned to his original position. Fearing that defendant might grab, hit, or otherwise assault her, Morales ran to "the other side." When defendant moved toward Morales again, she threw the activation form papers at him, which prompted defendant to pick up the forms and run from the store.

Defendant was indicted on one count of common law robbery and for attaining the status of an habitual felon. His trial began in June 2014 before the Honorable Edwin G. Wilson in Forsyth County Criminal Superior Court. At closing arguments, defendant, through his trial counsel, admitted to misdemeanor larceny. During the charge conference, the State requested a jury instruction on larceny from the person as a lesser included offense of common law robbery. Defendant objected to the State's request, but the trial court overruled the objection. The jury instructions included the

following possible verdicts: guilty of common law robbery, guilty of felonious larceny from the person, guilty of misdemeanor larceny, or not guilty. After the jury returned a verdict finding defendant guilty of felony larceny from the person, he pled guilty to the habitual felon charge. The trial court sentenced defendant to a minimum of 58 and a maximum of 82 months in the custody of the North Carolina Division of Adult Correction.

On appeal, defendant challenges his conviction for felony larceny from the person and his subsequent admission to attaining the status of an habitual felon. Specifically, defendant contends that the evidence was "insufficient to show that the cell phone was under [Morales'] protection or control when [he] grabbed" it.

When the evidence would allow a jury to rationally find a defendant guilty of a lesser included offense and to acquit him of the greater offense, an instruction on the lesser offense must be given. *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). But "[w]here jury instructions are given without supporting evidence, a new trial is required." *State v. Porter*, 340 N.C. 320, 331, 457 S.E.2d 716, 721 (1995). Challenges to the trial court's decisions on how to instruct the jury are reviewed *de novo*. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

"The essential elements of larceny are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." *State v. Wilson*, 154 N.C. App. 686, 690, 573

S.E.2d 193, 196 (2002). When property is taken "[f]rom the person," the larceny becomes a Class H felony "without regard to the value of the property in question[.]" N.C. Gen. Stat. § 14–72(b) (2013).

"[F]or larceny to be 'from the person,' the property stolen must be in the immediate presence of and under the protection or control of the victim at the time the property is taken." *State v. Barnes*, 345 N.C. 146, 149, 478 S.E.2d 188, 190 (1996) (emphasis omitted) (citations omitted). This Court has recognized that the victim's awareness "of the theft at the time of the taking . . . is relevant to protection and control." *State v. Boston*, 165 N.C. App. 890, 893, 600 S.E.2d 863, 865 (2004); *see also State v. Sheppard*, __ N.C. App. __, __, 744 S.E.2d 149, 152 (2013) (evidence was sufficient to support the charge of larceny from the person where "the victim remained next to her shopping cart and purse, within a hand's reach, while looking at a jar of pickles . . . , [and] immediately realized the larceny at the moment it occurred and pursued [the] defendant as he fled the store").

As we understand defendant's argument, he concedes that the cell phone was in Morales' presence, but he insists that the State failed to prove the phone was under her protection or control at the time it was stolen. In support of his argument, defendant relies on *State v. Lee*, 88 N.C. App. 478, 363 S.E.2d 656 (1988) and *Barnes*.

In *Lee*, the victim "took 'four or five' steps away" from her grocery cart for a couple of minutes to help the defendant's accomplice look for unsalted sweet peas. 88

N.C. App. at 479, 363 S.E.2d at 656. During that time, the defendant stole the victim's shoulder bag from her cart. *Id.* "Upon returning to the cart and noticing that the bag was missing, [the victim] reported the theft to store personnel and [the] defendant was identified and apprehended a few minutes later." *Id.* "[B]ecause the record show[ed] that the larceny involved was not from the person of the [victim] as charged in the bill of indictment, but was from an unattended grocery cart[,] this Court vacated the defendant's conviction for larceny from the person. *Id.* at 478–79, 363 S.E.2d at 656–57.

In *Barnes*, our Supreme Court held that the evidence did not support a conviction for larceny from the person where the defendant stole a bank bag from an unattended, freestanding shopping mall kiosk. 345 N.C. at 150–51, 478 S.E.2d at 191. Key evidence before the *Barnes* Court indicated that the kiosk salesperson was twenty-five to thirty feet away from the kiosk, talking to a mall employee at a neighboring shop, when the defendant secretly removed the unprotected bank bag from below the register. *Id.* at 147, 478 S.E.2d at 189.

In the instant case, unlike *Lee* and *Barnes*, Morales was keenly aware of defendant's theft at the time he took the cell phone from her desk. Significantly, she immediately moved away from defendant in fear that he might physically assault her. *See id.* at 150, 478 S.E.2d at 191 (" 'The reason the crime of larceny from a person is afforded special consideration is to protect the person or immediate presence of the

victim from invasion.' ") (citation omitted). Because Morales placed the cell phone on her desk and near the cash register, in an employee-only area behind the store counter, there was sufficient evidence from which the jury could conclude that the phone was under her protection or control when defendant took it.

Nevertheless, defendant argues that the phone was not under Morales' control because "he was still at a distance from [her]" when he jumped over the counter and back. Our case law suggests that larceny from the person occurs when the defendant and the victim are in rather close physical proximity. *See State v. Buckom*, 328 N.C. 313, 318, 401 S.E.2d 362, 365 (1991) (the defendant committed larceny from the person when he took money from cash register when the cashier was standing in front of register making change); *Wilson*, 154 N.C. App. at 691, 573 S.E.2d at 196 (same); *State v. Pickard*, 143 N.C. App. 485, 491, 547 S.E.2d 102, 106–07 (2001) (evidence that the defendant snatched the victim's purse from her arm while standing behind her was sufficient to support conviction for larceny from the person); *State v. Hull*, __ N.C. App. __, __, 762 S.E.2d 915, 918–19 (2014) (where the defendants stole a laptop computer that was "about three feet from [the victim], [while] the homework, from which she was taking a momentary break, was still on the computer screen[,]" the "trial court did not err in denying the motions of the defendants to dismiss the charge of larceny from the person"). But we can discern no bright line "distance" rule from this line of cases. And while distance may help determine the level of "protection or

control" the victim had over the stolen item, this Court has previously noted that physical proximity is relevant to "immediate presence," the very element that defendant concedes on appeal. *Boston*, 165 N.C. App. at 893, 600 S.E.2d at 865. In any event, since the phone was near Morales in an enclosed area and under her eye when defendant stole it, we need say little more than the property was under her protection and control at the time it was taken. As a result, the trial court did not err in instructing the jury on the charge of larceny from the person.

NO ERROR.

Judges STROUD and INMAN concur.

Report per Rule 30(e).