**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4963**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DOMINIQUE CARMICHAEL,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00360-F-1)

Submitted:  November 30, 2010   Decided:  January 21, 2011

Before WILKINSON, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Yurachek, THE LAW OFFICES OF MARK ALLEN YURACHEK, LLC, Atlanta, Georgia, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Carmichael pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2010). The district court designated Carmichael an armed career criminal and sentenced him to 188 months in prison. Carmichael appeals, alleging that the district court erred by sentencing him as an armed career criminal. Finding no error, we affirm Carmichael's sentence.

In the presentence report ("PSR"), the probation officer recommended that Carmichael be sentenced as an armed career criminal as defined in U.S. Sentencing Guidelines Manual § 4B1.4 (2008), finding that Carmichael had at least three prior convictions for violent felonies, namely three North Carolina common law robbery convictions, committed on occasions different from one another. Carmichael's guidelines range with the armed career criminal designation was 180 to 188 months in prison.

Carmichael objected to the armed career criminal designation, asserting that he committed only two, not three, common law robberies. He admitted the common law robbery convictions for crimes committed on November 19, 1997, and March 8, 2001, but he stated he had no recollection of committing the common law robbery on November 16, 1997. The district court overruled Carmichael's objection, noting that court records

2

identified him by name, social security number, and date of birth as the person who committed all three common law robberies. The court sentenced him to 188 months in prison.

On appeal, Carmichael first argues that North Carolina common law robbery does not qualify as a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). Because Carmichael raises this claim for the first time on appeal, we review it for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).

Under the ACCA, a person convicted under § 922(g)(1) who has three or more convictions for violent felonies or serious drug offenses "shall be . . . imprisoned not less than fifteen years." 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2010). A violent felony is defined as

> [A]ny crime punishable by imprisonment for a term exceeding one year, . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B). Under North Carolina law, "[c]ommon law robbery is defined as the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." State v. Herring, 370

3

S.E.2d 363, 368 (N.C. 1988) (internal quotation marks and citation omitted). Although this offense does not necessarily have "as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), and is not "burglary, arson, or extortion, [. . . and does not] involve[] use of explosives," § 924(e)(2)(B)(ii), it qualifies as a violent felony under the residual clause in § 924(e)(2)(B)(ii), in that it "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).

In United States v. Jarmon, 596 F.3d 228, 230-33 (4th Cir.), cert. denied, 131 S. Ct. 145 (2010), we held that a North Carolina conviction for larceny from the person was a "crime of violence" under the federal sentencing guidelines.[1] "'[L]arceny from the person differs from [common law] robbery in that larceny from the person lacks the requirement that the victim be put in fear.'" State v. Carter, 650 S.E.2d 650, 653-54 (N.C. Ct. App. 2007) (quoting State v. Buckom, 401 S.E.2d 362, 365

---

[1] "Because the language defining a violent felony in [18 U.S.C.A.] § 924(e) [of the ACCA] is nearly identical to and materially indistinguishable from the language defining a crime of violence in . . . § 4B1.2 [of the federal sentencing guidelines]," we rely on case law interpreting both provisions when deciding whether a prior offense qualifies as a "crime of violence" or "violent felony." United States v. Roseboro, 551 F.3d 226, 229 n.2 (4th Cir. 2009), abrogated on other grounds by United States v. Rivers, 595 F.3d 558 (4th Cir. 2010).

4

(N.C. 1991)). "[L]arceny from the person entails less violence than robbery." Jarmon, 596 F.3d at 232. Because the "less violent" offense of larceny from the person is a violent felony for purposes of the ACCA, we conclude that North Carolina common law robbery also qualifies as a violent felony.[2]

Carmichael also argues that the court erred in sentencing him as an armed career criminal because the Government failed to prove that he had three prior convictions. To the extent that Carmichael seeks to assert that the district court erred in sentencing him as an armed career criminal because the fact of his prior convictions was not charged in the indictment, admitted by him, or found by a jury, his argument is foreclosed by United States v. Thompson, 421 F.3d 278, 286 (4th Cir. 2005), and United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005).

---

[2] Without addressing Jarmon, Carmichael argues that under the Supreme Court's recent decision in Johnson v. United States, 130 S. Ct. 1265 (2010), common law robbery does not qualify as a violent felony because use of physical force is not necessarily an element of the offense. However, Carmichael's reliance on Johnson is misplaced. Johnson interpreted § 924(e)(2)(B)(i), which defines a "violent felony" as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," whereas North Carolina common law robbery fits within the definition of a violent felony in the residual clause of § 924(e)(2)(B)(ii), which does not include as an element the use, attempted use, or threatened use of force.

5

In the district court, Carmichael did not dispute the common law robbery convictions for the offenses that occurred on November 19, 1997, and March 8, 2001, but claimed to have no recollection of having been convicted of or having committed the common law robbery that occurred on November 16, 1997. He contends that, when he challenged the predicate offenses upon which his armed career criminal designation was based, the Government was required to provide evidence establishing these convictions and failed to do so.

In response to Carmichael's objection to the information in the PSR that he had committed all three offenses, the probation officer stated that the state superior court records identified Carmichael by name, social security number, and date of birth as the person who committed all three common law robberies. Carmichael provided no documentation to support his claim that he had not committed the November 16, 1997, offense. As we have explained:

> A mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate. Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation. The burden is on the defendant to show the inaccuracy or unreliability of the presentence report.

6

<u>United States v. Terry</u>, 916 F.2d 157, 162 (4th Cir. 1990) (internal quotation marks, alterations, and citations omitted); <u>see</u> <u>United States v. Randall</u>, 171 F.3d 195, 210-11 (4th Cir. 1999). It was Carmichael's burden to refute the facts set forth in the PSR and he failed to do so.

For these reasons, we conclude that the district court did not clearly err in finding that Carmichael had three qualifying predicate convictions to support his armed career criminal designation. Accordingly, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>