**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4525**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRIAN EDWARD SCOTT,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:11-cr-00236-WO-1)

———————————

Submitted: March 25, 2013        Decided: April 5, 2013

———————————

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Edward Scott pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 156 months in prison. Scott asserts that the district court erred under United States v. Simmons, 649 F.3d 247 (2011), and Begay v. United States, 553 U.S. 137 (2008), when it classified him as a career offender. Scott also asserts that given the dramatic increase to his Guidelines range because of his career offender classification, and considering the "minimal amount of drugs involved in this case," his sentence exceeded a sentence that would be "'sufficient, but not greater than necessary' to meet [18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012)'s] sentencing objectives[.]" Finding no error, we affirm.

We review a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

2

sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). On appeal, we presume that a sentence within the Guidelines range is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

Scott first asserts that the district court erred when it classified him as a career offender because he argues that his North Carolina fleeing to elude arrest conviction was not a proper career offender predicate conviction. We review de novo the district court's characterization of Scott's prior offense

3

as a crime of violence.  See United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012).

Under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2011), a defendant is a career offender if he was older than eighteen when he committed the instant offense, the instant offense is a felony that is a crime of violence or a controlled substance offense, and he had two prior felony convictions for a crime of violence or a controlled substance offense.  A "crime of violence" is defined in USSG § 4B1.2(a) as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (2011).

According to Scott, his felony fleeing to elude arrest conviction was not "punishable by imprisonment for a term exceeding one year" under Simmons because he argues that he could not have been sentenced to more than eleven months for that crime.  The Government presented the district court with a North Carolina judgment of conviction, which indicated that in 2002, a North Carolina court sentenced Scott on six convictions, two felonies and four misdemeanors.  The record also indicates

4

that all six convictions, one of which included the fleeing to elude arrest conviction, were "consolidated into 1 Class C felony" based on a felony habitual offender charge, and that Scott was ordered to serve a "sentence of a minimum 80 months and a maximum 105 months" for those crimes. We find that the district court correctly determined that Scott was subject to a sentence in excess of one year for his fleeing to elude arrest conviction. See Simmons, 649 F.3d at 244.

We also reject Scott's argument that his fleeing to elude arrest conviction is no longer a "crime of violence" after Begay. A violation of North Carolina's speeding to elude arrest statute is a Class I misdemeanor unless two or more aggravating factors listed in the statute are present, in which case the offense is a Class H felony. See N.C. Gen. Stat. § 20-141.5 (2011). It is undisputed that because two or more aggravating factors were present during the flight for which Scott was convicted, his violation of the statute was punishable as a Class H felony. See N.C. Gen. Stat. § 20-141.5(b) (2011).

Scott essentially concedes that his argument that a violation of § 20-141.5(b) is not a crime of violence is foreclosed by the Supreme Court's decision in Sykes v. United States, 131 S. Ct. 2267, 2274 (2011) (holding that a "risk of violence is inherent to vehicle flight"), and this Court's decision in United States v. Hudson, 673 F.3d 263, 268 (4th

5

Cir.) (holding that there "are several reasons by which to conclude that intentional vehicular flight in any manner poses a potential level of risk that is sufficient to render the offense a violent felony[,]" and finding that Florida's "decision to punish some forms of vehicular flight more seriously than others has little bearing on the analysis"), cert. denied, 133 S. Ct. 207 (2012). We agree and conclude that Scott's violation of North Carolina's fleeing to elude arrest statute was properly classified as a crime of violence, even after Begay.

We last conclude that the district court's 156-month sentence is substantively reasonable. Because the 156-month sentence was within Scott's 151-to-188-month Guidelines range, we presume on appeal that the sentence is reasonable. See Mendoza-Mendoza, 597 F.3d at 217 ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable."). In an apparent attempt to rebut the presumption afforded his within-Guidelines sentence, Scott asserts that because he was held accountable for only 10.7 grams of cocaine base, had it not been for his career offender status, his Guidelines range would have been thirty-to-thirty-seven months. Thus, Scott asserts that his thirteen-year sentence "is simply not proportionate to [his] crime." Because Scott's criminal history drove his Guidelines range, we reject his argument. Moreover, because the district

6

court specifically addressed several § 3553(a) factors before imposing Scott's sentence, and explicitly tied them to Scott's case, we affirm the 156-month sentence.  See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) ("A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.") (brackets omitted).

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7