**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4773**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DAMIEN ANTWON EVANS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:13-cr-00050-FL-1)

———————

Submitted:  April 29, 2015           Decided:  May 12, 2015

———————

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Dhamian A. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damien Antwon Evans pled guilty, pursuant to a plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The court sentenced Evans to 188 months' imprisonment, the bottom of the Sentencing Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as potential issues whether the court abused its discretion in denying Evans' motion for substitute counsel and whether various aspects of Evans' sentence were erroneous, including Evans' designation as an armed career criminal, the application of U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A) (2013), and the denial of the motion for downward variance and/or departure. Evans has filed a pro se supplemental brief, raising numerous issues, including whether sentencing counsel provided effective assistance and whether the court erred in sentencing him under the Armed Career Criminal Act ("ACCA"). We affirm.

We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v. Blackledge, 751 F.3d 188, 194 (4th Cir. 2014). Three factors are considered in reviewing the denial of such a motion: "(1) timeliness of the motion; (2) adequacy of the court's inquiry

2

[into the factual basis of defendant's dissatisfaction]; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." Id. (internal quotation marks omitted). These factors are balanced "against the district court's interest in the orderly administration of justice." United States v. Perez, 661 F.3d 189, 191 (4th Cir. 2011) (internal quotation marks omitted). We conclude that the court did not abuse its discretion, since Evans' motion was made after the start of the sentencing hearing, the court inquired into the reasons for Evans' motion and also questioned counsel before denying the motion, and the record provides no evidence of an attorney-client conflict hindering communication.

Next, counsel and Evans contest whether Evans' designation as an armed career criminal was proper. When considering whether a defendant was properly sentenced as an armed career criminal, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (2015). Because Evans raises this claim for the first time on appeal, it is reviewed for plain error. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013).

Under the ACCA, if a defendant is convicted of being a felon in possession of a firearm and has sustained at least

3

three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to an enhanced sentence. 18 U.S.C. § 924(e)(1) (2012). Here, Evans pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his presentence report noted that he previously pled guilty to four common law robbery charges, which occurred on different occasions from one another and each resulted in a sentence of more than a year. These robbery counts constitute violent felonies under the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii); see also United States v. Carmichael, 408 F. App'x 769, 770-71 (4th Cir. 2011) (No. 09-4963) (concluding that common law robbery under North Carolina law is crime of violence). Accordingly, we conclude that the district court correctly sentenced Evans as an armed career criminal.

Next, counsel questions whether the district court erred in applying an offense level of 34 after finding by a preponderance of the evidence that Evans possessed the firearm in connection with a crime of violence. See USSG § 4B1.4(b)(3)(A). Here, the sentencing court concluded that Evans possessed the firearm and ammunition in connection with the state offense of feloniously fleeing to elude arrest. See N.C. Gen. Stat. § 20-141.5(a)-(b) (2013). In determining that the offense was a felony rather than a misdemeanor under North Carolina law, the sentencing

4

court was required to find the presence of two or more aggravating factors enumerated in the statute. Id. § 20-141.5(b) Based on evidence presented at sentencing, the court found that at least two of the factors, reckless driving and driving with his license revoked, § 20-141.5(b)(3), (5), were present. Evans offered no evidence to dispute these two factors. Thus, the court's factual findings that Evans was driving recklessly and without a license were supported by a preponderance of the evidence and therefore were not clearly erroneous. See United States v. White, 771 F.3d 225, 235 (4th Cir. 2014) (stating standard of review), cert. denied, __ U.S. __, 83 U.S.L.W. 3743 (U.S. Mar. 23, 2015) (No. 14-8442).

We review de novo the court's legal conclusion that Evans possessed a firearm in connection with a crime of violence. Id. For purposes of USSG § 4B1.4(b)(3)(A), a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2). Coupled with the two aggravating factors, Evans' actions constituted the state criminal offense of felonious fleeing to elude arrest under N.C. Gen. Stat. § 20-141.5(a)-(b). The Supreme Court has previously stated that "[f]elony vehicle flight is a violent felony for purposes of [the] ACCA." Sykes v. United States, 131 S. Ct.

5

2267, 2277 (2011); see also United States v. Scott, 521 F. App'x 112, 114 (4th Cir. 2013) (per curiam) (holding that fleeing to elude arrest under N.C. Gen. Stat. § 20-141.5 constitutes crime of violence for purposes of USSG § 4B1.4(b)(3)(A)). Therefore, the district court correctly concluded that Evans committed a crime of violence in connection with his possession of a firearm, meriting application of an offense level of 34 as provided by § 4B1.4(b)(3)(A).

Finally, counsel questions whether Evans' sentence of 188 months' imprisonment was reasonable, focusing specifically on whether the court erred when it denied the motion for downward departure and/or variance. We apply "an abuse-of-discretion standard" when reviewing a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the district court's sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id.

If we find no significant procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Id. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the

6

goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

We conclude that the district court satisfied the procedural requirements by correctly calculating Evans' Guidelines range; considering the parties' arguments, Evans' allocution, and the § 3553(a) factors; and providing an individualized assessment fully grounded in those factors. As to substantive reasonableness, we conclude that Evans has failed to rebut the presumption of reasonableness accorded to his within-Guidelines sentence. As indicated by the court's statements on record, the court found that the totality of the circumstances warranted a sentence at the bottom of the Guidelines range but not a downward variance or departure. Such a determination is within the discretion of the sentencing court and is not an abuse of discretion.

Evans also contends that sentencing counsel's assistance was ineffective. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see

7

<u>United States v. Smith</u>, 640 F.3d 580, 587 (4th Cir. 2011) (stating that ineffective assistance is conclusively established where appellate court "need not look beyond the trial court record brought . . . in a direct appeal"); <u>see also</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (providing standard for ineffective-assistance claims).  Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

We have reviewed the record and the other arguments Evans raises in his pro se supplemental brief and conclude that they are without merit.  We therefore affirm the district court's judgment.  This court requires that counsel inform Evans, in writing, of the right to petition the Supreme Court of the United States for further review.  If Evans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Evans.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>